# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GOPINATH GOPALAM | C.A. NO. 12-542-JJB-SCR |
| VERSUS | JUDGE: BRADY |
| CITY OF GONZALES, THROUGH MAJOR BARNET ARCENEAUX, ET AL | MAGISTRATE: RIEDLINGER |

## THE CITY OF GONZALES, SHERMAN JACKSON AND DAVID BREAUX'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, the City of Gonzales, Sherman Jackson ("Jackson") and David Breaux ("Breaux") (collectively "defendants") deny each and every allegation contained in the Complaint of Gopinath Gopalam, ("plaintiff") except for those specifically admitted below. Further responding to the complaint, defendants state:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a federal or state claim against the City of Gonzales upon which relief can be granted.

### SECOND DEFENSE

The complaint fails to state a federal or state claim against Jackson upon which relief can be granted.

### THIRD DEFENSE

The complaint fails to state a federal or state claim against Breaux upon which relief can be granted.

## FOURTH DEFENSE

Defendants deny that they are liable under any theory of liability whatsoever.

## FIFTH DEFENSE

Breaux and Jackson are entitled to qualified immunity from liability in their individual capacities in that they were at all times acting prudently, properly, and in good faith in an effort to enforce the laws of the State of Louisiana. Furthermore, their conduct did not violate clearly established law.

## SIXTH DEFENSE

The City of Gonzales is entitled to immunity under La. R.S. 9:2798.1.

## SEVENTH DEFENSE

In the alternative, in the event defendants or anyone for whom they are responsible, are found liable under any theory of federal or state law, defendants assert that the sole and proximate cause of any injury to plaintiff was plaintiff's own fault, and that as a result, any award to plaintiff is barred or should be reduced in proportion to the extent of that fault.

## EIGHTH DEFENSE

In the alternative, in the event defendants are found liable under any theory of federal or state law, defendants assert the limitations of liability contained in La. R.S. 13:5101, *et seq*.

## NINTH DEFENSE

In the alternative, in the event defendants are found liable under any theory of federal or state law, defendants assert that the sole and proximate cause of any injury to

Case 3:12-cv-00542-JJB-SCR    Document 4    11/06/12    Page 2 of 22

plaintiff was the fault of a third party or parties for whom defendants have no control or are not responsible, and that as a result, defendants are responsible only for their degree of fault, if any.

## TENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

Defendants respectfully requests that they be able to recover all costs of this action including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

## TWELFTH DEFENSE

Defendants are entitled to all limitations of liability contained in state law.

## THIRTEENTH DEFENSE

Defendants reserve the right to assert additional defenses in the event that discovery shows that additional defenses are warranted.

## <u>ANSWER</u>

AND NOW further answering, defendants deny each and every allegation contained in plaintiff's complaint, except as admitted below:

1.      The allegations of paragraph 1 of the complaint require no response from defendants.  However, to the extent a response is required, defendants admit that the City of Gonzales, Sherman Jackson and David Breaux, have been named as a

defendants in this matter.[1]   Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

2.     The allegations of paragraph 2 of the complaint are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

3.     The allegations of paragraph 3 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied as written.

4.     The allegations of paragraph 4 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied as written.

5.     The allegations of paragraph 5 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied as written.

6.     The allegations of paragraph 6 of the complaint require no response from defendants.  However, to the extent a response is required, defendants admit that venue is proper in this Court.

7.     The allegations of paragraph 7 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

---

[1] The Complaint also names "the City of Gonzales, through Mayor Barney Arceneaux."  Concurrently with this Answer, defendants have filed a Motion to Dismiss Mayor Barney Arceneaux.

Case 3:12-cv-00542-JJB-SCR   Document 4   11/06/12   Page 4 of 22

8. The allegations of paragraph 8 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, either denied or denied as written.

9. The allegations of paragraph 9 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied or denied as written.

10. The allegations of paragraph 10 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied or denied as written.

11. The allegations of paragraph 11 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

12. The allegations of paragraph 12 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

13. The allegations of paragraph 13 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

14.     The allegations of paragraph 14 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

15.     The allegations of paragraph 15 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

16.     The allegations of paragraph 16 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

17.     The allegations of paragraph 17 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.  Defendants state that David Breaux was acting within the course and scope of his employment with the City of Gonzales during the alleged incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

18.     The allegations of paragraph 18 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are denied.

19.     The allegations of paragraph 19 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied or denied as written.   Defendants state that when dispatch advised of the 911 call, David Breaux told the dispatch operator that he was on the scene and that no other officers needed to come.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

20.     The allegations of paragraph 20 of the complaint are denied as written.

21.     The allegations of paragraph 21 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.  Defendants state that David Breaux was acting within the course and scope of his employment with the City of Gonzales during the alleged incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

22.     The allegations of paragraph 22 of the complaint are denied as written. Defendants state that Breaux was wearing his uniform issued by the Gonzales Police Department at the time of the incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

23.     The allegations of paragraph 23 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.  Defendants state that David Breaux was acting

within the course and scope of his employment with the City of Gonzales at the time of the incident on September 1, 2011. Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

24. The allegations of paragraph 24 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

25. The allegations of paragraph 25 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

26. The allegations of paragraph 26 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

## J U R I S D I C T I O N

27. The allegations of paragraph 27 of the complaint require no response from defendants. However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 26 of the complaint.

28. The allegations of paragraph 28 of the complaint are denied as written. Defendants admit only that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over claims alleging violations of civil rights, and supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367. Defendants deny that they violated any of plaintiff's constitutional rights or any state law.

# PARTIES

29.     The allegations of paragraph 29 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 28 of the complaint.

30.     The allegations of paragraph 30 of the complaint are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

31.     The allegations of paragraph 31 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied, denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.   Defendants state that Breaux was acting within the course and scope of employment with the City of Gonzales at the time of the incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

32.     The allegations of paragraph 32 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are denied as written.

33.     The allegations of paragraph 33 of the Complaint are denied as written. Defendants admit only that the City of Gonzales is a municipality and that it is the employer of David Breaux.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

34.     The allegations of paragraph 34 of the complaint are either denied or denied as written.

35.     The allegations of paragraph 35 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied or denied as written.

36.     The allegations of paragraph 36 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied as written.  Defendants state that David Breaux was acting within the course and scope of employment with the City of Gonzales at the time of the incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

37.     The allegations of paragraph 37 of the Complaint assert legal conclusions that require no response from the defendants.   However, to the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

38.     The allegations of paragraph 38 of the Complaint assert legal conclusions that require no response from the defendants.   However, to the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

39.    The allegations of paragraph 39 of the Complaint assert legal conclusions that require no response from the defendants.  However, to the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

40.    The allegations of paragraph 40 of the Complaint assert legal conclusions that require no response from the defendants.  However, to the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

41.    The allegations of paragraph 41 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

## FACTS

42.    The allegations of paragraph 42 of the complaint require no response from defendants.    However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 41 of the complaint.

43.    The allegations of paragraph 43 of the complaint require no response from defendants.  However, to the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

44.    The allegations of paragraph 44 of the complaint assert legal conclusions that require no response from defendants.   However, to the extent a response is required, the allegations are either denied or denied as written.

Case 3:12-cv-00542-JJB-SCR   Document 4   11/06/12   Page 11 of 22

45. The allegations of paragraph 45 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied or denied as written. Defendants state that after plaintiff was advised several times by Mr. Koach that he was not allowed back into his office, Breaux asked plaintiff to leave the property.

46. The allegations of paragraph 46 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

47. The allegations of paragraph 47 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

48. The allegations of paragraph 48 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

49. The allegations of paragraph 49 of the Complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are either denied, denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

50.     The allegations of paragraph 50 of the Complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied, denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

51.     The allegations of paragraph 51 of the complaint are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

52.     The allegations of paragraph 52 of the complaint are either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

53.     The allegations of paragraph 53 of the complaint either denied as written or denied for lack of information sufficient to justify a belief as to the truth thereof.

54.     The allegations of paragraph 54 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied or denied as written.

55.     The allegations of paragraph 55 of the complaint are either denied or denied as written.  Defendants state that when dispatch advised of the 911 call, David Breaux told the dispatch operator that he was on the scene and that no other officers needed to come.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

56.     The allegations of paragraph 56 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

57.     The allegations of paragraph 57 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied or denied as written.

58.     The allegations of paragraph 58 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

59.     The allegations of paragraph 59 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied, denied as written, or denied for lack of information sufficient to justify a belief as to the truth thereof.

60.     The allegations of paragraph 60 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are either denied or denied as written.

61.     The allegations of paragraph 61 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

62.     The allegations of paragraph 62 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

63.     The allegations of paragraph 63 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## D A M A G E S

64.     The allegations of paragraph 64 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 63 of the complaint.

65.     The allegations of paragraph 65 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## C O U N T   I

### (42U.S.C. § 1983 Against Individual Defendants)

66.     The allegations of paragraph 66 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 65 of the complaint.

67.     The allegations of paragraph 67 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

Case 3:12-cv-00542-JJB-SCR   Document 4   11/06/12   Page 15 of 22

68.     The allegations of paragraph 68 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

69.     The allegations of paragraph 69 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied as written.    Defendants state that Breaux was acting within the course and scope of his employment within the City of Gonzales during the alleged incident on September 1, 2011.  Defendants deny that they are liable to plaintiff for any reason or in any amount whatsoever.

70.     The allegations of paragraph 70 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## C O U N T   I I

### (42 U.S.C. § 1983 Against City of Gonzales I Gonzales City Police Department)

71.     The allegations of paragraph 71 of the complaint require no response from defendants.    However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 70 of the complaint.

72.     The allegations of paragraph 72 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

73.     The allegations of paragraph 73 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required,

the allegations are denied.

74. The allegations of paragraph 74 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

75. The allegations of paragraph 75 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

76. The allegations of paragraph 76 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

77. The allegations of paragraph 77 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

78. The allegations of paragraph 78 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

79. The allegations of paragraph 79 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

80. The allegations of paragraph 80 of the complaint assert legal conclusions that require no response from defendants. However, to the extent a response is required, the allegations are denied.

81.     The allegations of paragraph 81 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

82.     The allegations of paragraph 82 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## C O U N T   I I I

### (State Law Action Against City of Gonzales / Gonzales City Police Department)

83.     The allegations of paragraph 83 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 82 of the complaint.

84.     The allegations of paragraph 84 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## C O U N T   I V

### (Intentional Infliction of Emotional Distress Against All Defendants)

85.     The allegations of paragraph 85 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 84 of the complaint.

86.     The allegations of paragraph 86 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

87.    The allegations of paragraph 87 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## C O U N T   V

### (Attorney Fees Against All Defendants)

88.    The allegations of paragraph 88 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraphs 1 through 87 of the complaint.

89.    The allegations of paragraph 89 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

## P A R T I C U L A R I Z E D   A L L E G A T I O N S

90.    The allegations of paragraph 90 of the complaint require no response from defendants.   However, to the extent a response is required, defendants adopt, as if copied herein *in extenso*, their responses to paragraph 1 through 89 of the complaint.

91.    The allegations of paragraph 91 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

92.    The allegations of paragraph 92 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

Case 3:12-cv-00542-JJB-SCR   Document 4   11/06/12   Page 19 of 22

93.    The allegations of paragraph 93 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

94.    The allegations of paragraph 94 of the complaint assert legal conclusions that require no response from defendants.  However, to the extent a response is required, the allegations are denied.

The allegations contained in the prayer for relief are denied.

WHEREFORE the City of Gonzales, Sherman Jackson and David Breaux pray:

1.    That this answer be deemed good and sufficient, and after due proceedings, there be judgment rendered in the City of Gonzales, Sherman Jackson and David Breaux's favor and against plaintiff, dismissing plaintiff's claims, with prejudice and at plaintiff's costs;

2.    That defendants recover all costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988;

3.    Defendants request a trial by jury on all issues so triable; and

4.    For all other and further relief as this Court may deem appropriate.

Respectfully Submitted,

s/ Katie D. Bell
Bradley C. Myers (#1499) (T.A.)
Brad.Myers@keanmiller.com
Katie D. Bell (#29831)
Katie.Bell@keanmiller.com
Amanda M. Collura (#33777)
Amanda.Collura@keanmiller.com
KEAN MILLER LLP

Case 3:12-cv-00542-JJB-SCR    Document 4    11/06/12    Page 20 of 22

II City Plaza, 400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Fax: (225) 388-9133

***Attorneys for the City of Gonzales, Sherman Jackson and David Breaux***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing The City of Gonzales, Sherman Jackson and David Breaux's Answer and Defenses to Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana this 6th day of November, 2012.


_____
        s/ Katie D. Bell
        Katie D. Bell