UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GOPINATH GOPALAM                              CIVIL ACTION NO. 3:12-cv-00542-JJB-SCR
          *Plaintiff*

VERSUS

CITY OF GONZALES, THROUGH MAYOR
BARNEY ARCENEAUX, CHIEF OF POLICE
SHERMAN JACKSON, OFFICER DAVID
BREAUX OF THE CITY OF GONZALES POLICE
DEPARTMENT, WENDELL B. SMITH, DR. RAMA
KONGARA, M.D., DR. LANCE BULLOCK, M.D.,
RICK BENNETT, AND ST. JAMES BEHAVIORAL
HEALTH HOSPITAL, INC.
          *Defendants*

_____

## JOINT ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

**NOW COME** Defendants, St. James Behavioral Health Hospital, Inc., Wendell B. Smith,

Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett (hereinafter collectively

referred to as "Defendants")**,** who set forth the following responses with regard to the Complaint

filed by Gopinath Gopalam:

1.

The allegations of Paragraph 1 of the Complaint do not require a response by Defendants.

However, to the extent that such a response is required, Defendants deny the allegations of Paragraph

1 of the Complaint.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information

to justify a belief therein.

Page -1-

3.

The allegations of Paragraph 3 of the Complaint do not require a response by Defendants.
However, to the extent that such a response is required, Defendants deny the allegations of Paragraph
3 of the Complaint for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 of the Complaint do not require a response by Defendants.
However, to the extent that such a response is required, Defendants deny the allegations of Paragraph
4 of the Complaint for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Complaint do not require a response by Defendants.
However, to the extent that such a response is required, Defendants deny the allegations of Paragraph
5 of the Complaint for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Complaint are admitted.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied.

10.

The allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragraph 19 of the Complaint are denied.

20.

The allegations of Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 3 of 18

22.

The allegations of Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations of Paragraph 26 of the Complaint are denied.

27.

The Defendants set forth and adopt their responses to Paragraphs 1-26 of the Complaint as if fully copied *in extenso* herein.

28.

The allegations of Paragraph 28 of the Complaint do not require a response by Defendants. However, to the extent that such a response is required, Defendants deny the allegations of Paragraph 28 of the Complaint.

29.

The Defendants set forth and adopt their responses to Paragraphs 1-28 of the Complaint as if fully copied *in extenso* herein.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 4 of 18

30.

The allegations of Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 of the Complaint are denied.

33.

The allegations of Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 of the Complaint are denied.

36.

The allegations of Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 are admitted as to Defendant Wendell B. Smith being a resident and domiciliary of the State of Louisiana. Defendant Wendell B. Smith further admits that

he performed certain acts on behalf of the corporation known as St. James Behavioral Health Hospital, Inc. Defendant Wendell B. Smith denies all other allegations of Paragraph 37 of the Complaint.

38.

The allegations of Paragraph 38 are admitted as to Defendant Dr. Rama Kongara, M.D. being a resident and domiciliary of the State of Louisiana. Defendant Dr. Rama Kongara, M.D. further admits that he performed certain acts on behalf of the corporation known as St. James Behavioral Health Hospital, Inc. Defendant Dr. Rama Kongara, M.D. denies all other allegations of Paragraph 38 of the Complaint.

39.

The allegations of Paragraph 39 are admitted as to Defendant Dr. Lance Bullock, M.D. being a resident and domiciliary of the State of Louisiana. Defendant Dr. Lance Bullock, M.D. further admits that he performed certain acts on behalf of the corporation known as St. James Behavioral Health Hospital, Inc. Defendant Dr. Lance Bullock, M.D. denies all other allegations of Paragraph 39 of the Complaint.

40.

The allegations of Paragraph 40 are admitted as to Defendant Rick Bennett being a resident and domiciliary of the State of Louisiana. Defendant Rick Bennett further admits that he performed certain acts on behalf of the corporation known as St. James Behavioral Health Hospital, Inc. Defendant Rick Bennett denies all other allegations of Paragraph 40 of the Complaint.

41.

The allegations of Paragraph 41 are admitted as to Defendant St. James Behavioral Health Hospital, Inc. being a domestic corporation licensed to do and doing business in the State of Louisiana.  All other allegations of Paragraph 41 of the Complaint are denied.

42.

The Defendants set forth their responses to Paragraphs 1-41 of the Complaint as if fully copied *in extenso* herein.

43.

The allegations of Paragraph 43 of the Complaint do not require a response by Defendants. However, to the extent that such a response is required, Defendants deny the allegations of Paragraph 43 of the Complaint.

44.

The allegations of Paragraph 44 of the Complaint are denied.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

The allegations of Paragraph 46 of the Complaint are denied.

47.

The allegations of Paragraph 47 of the Complaint are denied.

48.

The allegations of Paragraph 48 of the Complaint are denied.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 7 of 18

49.

The allegations of Paragraph 49 of the Complaint are denied.

50.

The allegations of Paragraph 50 of the Complaint are denied.

51.

The allegations of Paragraph 51 of the Complaint are denied.

52.

The allegations of Paragraph 52 of the Complaint are denied.

53.

The allegations of Paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 of the Complaint are denied.

55.

The allegations of Paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief therein.

56.

The allegations of Paragraph 56 of the Complaint are denied.

57.

The allegations of Paragraph 57 of the Complaint are denied.

58.

The allegations of Paragraph 58 of the Complaint are denied.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 8 of 18

59.

The allegations of Paragraph 59 of the Complaint are denied.

60.

The allegations of Paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of Paragraph 61 of the Complaint are denied.

62.

The allegations of Paragraph 62 of the Complaint are denied.

63.

The allegations of Paragraph 63 of the Complaint are denied.

64.

The Defendants set forth and adopt their responses to Paragraphs 1-63 of the Complaint as if fully copied *in extenso* herein.

65.

The allegations of Paragraph 65 of the Complaint and all subsections included therein are denied.

66.

The Defendants set forth and adopt their responses to Paragraphs 1-65 of the Complaint as if fully copied *in extenso* herein.

67.

The allegations of Paragraph 67 of the Complaint are denied.

Page -9-

68.

The allegations of Paragraph 68 of the Complaint are denied.

69.

The allegations of Paragraph 69 of the Complaint are denied.

70.

The allegations of Paragraph 70 of the Complaint are denied.

71.

The Defendants set forth and adopt their responses to Paragraphs 1-70 of the Complaint as if fully copied *in extenso* herein. The remaining allegations of Paragraph 71 of the Complaint are denied.

72.

The allegations of Paragraph 72 of the Complaint are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of Paragraph 73 of the Complaint are denied for lack of sufficient information to justify a belief therein.

74.

The allegations of Paragraph 74 of the Complaint are denied for lack of sufficient information to justify a belief therein.

75.

The allegations of Paragraph 75 of the Complaint are denied for lack of sufficient information to justify a belief therein.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 10 of 18

76.

The allegations of Paragraph 76 of the Complaint are denied for lack of sufficient information to justify a belief therein.

77.

The allegations of Paragraph 77 of the Complaint are denied for lack of sufficient information to justify a belief therein.

78.

The allegations of Paragraph 78 of the Complaint are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of Paragraph 79 of the Complaint are denied for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 80 of the Complaint are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 81 of the Complaint are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph 82 of the Complaint are denied for lack of sufficient information to justify a belief therein.

83.

The Defendants set forth and adopt their responses to Paragraphs 1-82 of the Complaint as if fully copied *in extenso* herein.

84.

The allegations of Paragraph 84 of the Complaint are denied for lack of sufficient information to justify a belief therein.

85.

The Defendants set forth and adopt their responses to Paragraphs 1-84 of the Complaint as if fully copied *in extenso* herein.

86.

The allegations of Paragraph 86 of the Complaint are denied.

87.

The allegations of Paragraph 87 of the Complaint are denied.

88.

The Defendants set forth and adopt their responses to Paragraphs 1-87 of the Complaint as if fully copied *in extenso* herein.

89.

The allegations of Paragraph 89 of the Complaint are denied.

90.

The Defendants set forth and adopt their responses to Paragraphs 1-89 of the Complaint as if fully copied *in extenso* herein.

91.

The allegations of Paragraph 91 of the Complaint are denied.

92.

The allegations of Paragraph 92 of the Complaint are denied.

93.

The allegations of Paragraph 93 of the Complaint are denied.

94.

The allegations of Paragraph 94 of the Complaint are denied.

95.

Defendants deny all allegations included in the Complaint which have not already been admitted or denied.

## AFFIRMATIVE DEFENSES

AND NOW, in further answering Plaintiff Gopalam's Complaint, Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett set forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not incurred any damages for which recovery may be had.

### THIRD AFFIRMATIVE DEFENSE

As director of St. James Behavioral Health Hospital, and as sole member of Sevenhills Healthcare, L.L.C. and Apollo Management Consultants, L.L.C., Gopinath Gopalam, acting as sole

signatory of multiple distinct entities, entered into agreements and/or assigned certain agreements/subleases between those entities in an attempt to willfully deceive St. James Behavioral Hospital and its shareholders to their detriment.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of justification. Numerous acts performed by Plaintiffs were done in an attempt to willfully deceive Defendants. If Defendants are found by this Court to have improperly performed acts as alleged by Plaintiff, certain acts of self-dealing, breaches of fiduciary duty, and other acts performed by Plaintiffs with the intent to deceive Defendants, serve as the basis and justification of Defendants' actions.

## FIFTH AFFIRMATIVE DEFENSE

If Defendants are found by this Court to have improperly performed actions giving rise to damages as alleged by the Plaintiff, Defendants' actions were performed in an attempt to protect and prevent Plaintiff from destroying information evidencing the self-dealing and breaches of fiduciary duties performed by Plaintiff prior to the alleged removal.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants deny any and all fault and/or liability in reference to the alleged damages suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

In the alternative, and only if Plaintiff is found to have incurred any damages, which is denied, then such damages were caused by the fault of Plaintiff such that Plaintiff should be precluded from recovering from Defendants.

## NINTH AFFIRMATIVE DEFENSE

In the alternative, and only if Plaintiff is found to have incurred any damages, which is denied, then Plaintiff was contributorily negligent in causing said damages such that any liability on the part of Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

In the alternative, and only if Plaintiff is found to have incurred any damages, which is denied, then such damages were caused or contributed to by the fault of third parties either named or un-named whose fault must be quantified in connection therewith.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants Smith, Kongara, Bullock, and Bennett deny that they have personally taken any action whatsoever with regard to Plaintiff and aver that any action that may have been taken was in the capacity of an officer, director, and/or employee of St. James Behavioral Health Hospital, Inc.

## TWELFTH AFFIRMATIVE DEFENSE

Any amount of damages which may be awarded to Plaintiff in the above captioned matter is subject to the principal of *set-off* with any damages awarded to Defendants in pending suits as a result of the alleged self-dealing, breach of fiduciary duties, and any other actions performed by Plaintiff with the intent to deceive St. James Behavioral Health Hospital, Inc. and its shareholders.

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 15 of 18

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is prevented from recovery of damages in the above captioned matter based upon the "unclean hands" doctrine which prevents Plaintiff's recovery where Plaintiff's actions performed in bad faith are a cause of its damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants set forth the affirmative defense of necessity. Any actions performed by Defendants were performed out of necessity in order to prevent Plaintiff from further self-dealing, breach of fiduciary duty, or other wrongful acts to be performed by the Plaintiff with the intent to deceive St. James Behavioral Health Hospital, Inc. and its shareholders.

## FIFTEENTH AFFIRMATIVE DEFENSE

All actions performed by Defendants were performed in good faith and for the purposes of preventing Plaintiff from further self-dealing, breach of fiduciary duty, or other actions to be performed by Plaintiff with the intent to deceive St. James Behavioral Health Hospital, Inc. and its shareholders.

## SIXTEENTH AFFIRMATIVE DEFENSE

Respondents further reserve the right to file any and all amended pleadings, any and all supplemental affirmative defenses, and any and all motions needed to defend themselves in this action.

**WHEREFORE**, Defendants, ST. JAMES BEHAVIORAL HEALTH HOSPITAL, INC., WENDELL B. SMITH, DR. RAMA KONGARA, M.D., DR. LANCE BULLOCK, M.D., and RICK BENNETT pray that this joint answer be deemed good and sufficient and that after all due proceedings are had, there be judgment rendered herein in their favor and against the Plaintiff,

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 16 of 18

GOPINATH GOPALAM, dismissing Plaintiff's suit at Plaintiff's costs, with prejudice, and for all

general and equitable relief as this Court deems proper.

**Respectfully Submitted:**

**PERCY, LANOUX, MUMPHREY & MARTIN**

/s/ Cody M. Martin
**Cody M. Martin (La. Bar No. 33262)**
**Robert Ryland Percy, III (La. Bar No. 10418)**
**Erin Wiley Lanoux (La. Bar No. 28651)**
712 N. Burnside Ave.
Gonzales, Louisiana 70737
(225) 621-8522
(225) 647-6959
Email: cmartin@percylaw.com
        rpercy@percylaw.com
        elanoux@percylaw.com


/s/ Thomas M. Lockwood
**THOMAS M. LOCKWOOD (#11028)**
12345 Perkins Road, Building 2, Suite 201
Baton Rouge, Louisiana 70810


/s/ Pegram J. Mire, Jr.
**PEGRAM J. MIRE, JR. (#09627)**
1212 E. Worthy Street, Suite A
Gonzales, Louisiana 70737


/s/ Sidney A. Marchand, III
**SIDNEY A. MARCHAND, III (#9258)**
320 Chetimaches St.
Donaldsonville, Louisiana 70346


*Attorneys for Defendants St. James Behavioral Health*
*Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara,*
*M.D., Dr. Lance Bullock, M.D., and Rick Bennett*

Page -17-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by

CM/ECF electronic service at Gonzales, Louisiana, this 7th day of November, 2012.


                     /s/ Cody M. Martin
                **CODY M. MARTIN, ATTORNEY AT LAW**

Case 3:12-cv-00542-JJB-SCR   Document 7   11/07/12   Page 18 of 18