UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GOPINATH GOPALAM<br>    *Plaintiff*<br><br>V.<br><br>CITY OF GONZALES, THROUGH MAYOR BARNEY ARCENEAUX, CHIEF OF POLICE SHERMAN JACKSON, OFFICER DAVID BREAUX OF THE CITY OF GONZALES POLICE DEPARTMENT, OTHER UNNAMED OFFICERS OF THE CITY OF GONZALES POLICE DEPARTMENT, WENDELL B. SMITH, DR. RAMA KONGARA, M.D., DR. LANCE E. BULLOCK, M.D., RICK BENNETT, AND ST. JAMES BEHAVIORAL HEALTH HOSPITAL INC.<br>    *Defendants* | CIVIL ACTION NO.: 12-542-JJB-SCR |

## JOINT STATUS REPORT

**A.    JURISDICTION**

    **1.**    What is the basis for the jurisdiction of the Court?

        **a.**    Plaintiff: "Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367, and upon the pendent jurisdiction of this Court to entertain claims arising under state law."

        **b.**    Defendants The City of Gonzales, Sherman Jackson and David Breaux, St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett: "Subject matter jurisdiction exists under 28 U.S.C. §1343 and 28 U.S.C. §1331 since the plaintiff has alleged violation of his Fourth and Fourteen amendment rights and asserted claims under 42 U.S.C. §1983. Supplemental jurisdiction under 28 U.S.C. §1367 also exists for plaintiff's alleged violations of state law."

1

B.   **BRIEF EXPLANATION OF THE CASE**

1.   **Plaintiff's claims:**

On September 1, 2011, at or near 1:30 PM CST, Plaintiff Gopinath Gopalam was lured away from his business by certain acts of subterfuge undertaken by Defendants Smith and others, and in close proximity thereto, the physical premises of Plaintiff's business enterprise was burglarized by Defendants Wendell B. Smith, Dr. Rama Kongara, Dr. Lance E. Bullock, and Rick Bennett.

In truth, Defendants Smith and others sought to secure Plaintiff Gopinath Gopalam's departure from the premises in order to effect a grand-scale forcible and illegal entry into the offices maintained by Plaintiff.

Shortly after Plaintiff departed the premises and travelled to a purported business meeting in an adjoining facility, Defendants Smith, Officer David Breaux, and Certain Other Unknown Officers of the City of Gonzales Police Department conspired to enter the building in which Plaintiff's premises were located and immediately undertook an effective broad-daylight burglary of Plaintiff's offices.

In particular, and without limitation, Defendant Smith brought professional locksmiths and directed these skilled professionals to undertake efforts to break the doorway locks on Plaintiff's premises and give Smith and others access to the interior premises. After these locksmiths "broke" the locks on Plaintiff's entry doorway, they were directed inward to the Plaintiff's interior offices in order to "break" other locks and security devices, all as maintained by Plaintiff for the security of his client files, his essential business documentation, his essential business and professional electronic data, and all such other various and sundry items and things which were of great fiduciary value to Plaintiff and in which he (by and through his various business enterprises) maintained sole and exclusive ownership.

In addition to professional locksmiths, Defendant Smith secured professional services to engage in a broad-scale theft of valuable computer data, financial records, protected health information, and other electronic data and associated devices (*e.g.*, computer hardware) from the Plaintiff's offices. Further, and in conjunction with accessing and purloining this critical data, Defendant Smith instructed the referenced professionals to destroy certain critical data which belonged to Plaintiff and in which none of the party Defendants had any right, title, or interest.

Defendant Smith effected the negligent and/or malicious and/or intentional destruction of certain business data and records belonging to the Plaintiff by and through and during the burglary enterprise in which Smith engaged along with the other named Defendants.

At all times herein relevant, Defendant Smith was aided, abetted, supported, endorsed, sanctioned, ratified, and encouraged in his undertaking by Defendants Bennett, Kongara, and Bullock. Further, and at all times during the burglary, unauthorized entry, theft, larceny, destruction of property, and other misdeeds committed by Smith and others, Defendant Officers David Breaux and Certain Other Unknown Officers of the City of Gonzales Police Department were employed in their respective capacities as law enforcement officers in order to afford a false shield or "cover" for the undertakings of the remaining Defendants.

The subject burglary and/or forcible entry of Plaintiff's premises took place despite Plaintiff specifically advising the Defendant officer(s) present that he had in his office a written lease which clearly gave him full and sole authority to occupy his office premises. The latter nonetheless refused to allow the Plaintiff to enter his own office. On the contrary, the officer(s) specifically ordered the Plaintiff to leave the premises under threat of custodial arrest, after which he was prevented from accessing his own business for a period of forty eight (48) hours.

The forcible and illegal entry of Plaintiff's premises culminated in the loss of substantial amounts of critical client files and business data, specifically including protected and presumptively private health care information pertaining to a multiplicity of individuals. In particular, the said Defendants specifically purloined protected health care information which is protected from disclosure by myriad federal and state regulations.

At the same time, these same Defendants also purloined, removed, retained, and/or generally deprived the Plaintiff of a significant amount of computer hardware, including a server containing a huge volume of computer data, external hard drives containing such data, and all manner of other storage media containing information belonging to the Plaintiff and in which the Defendants had no interest, legitimate or otherwise. Plaintiff was deprived of many of these files for an extended period of time, and, upon information and belief, Plaintiff was permanently deprived of significant volumes of data which were removed from his office's physical premises and which were never returned.

Ultimately, Plaintiff was forced to invoke a state court proceeding and obtain a formal injunction in order to return to his offices and to obtain the return of some portion of his business's critical files.

During the events described above, both a third-party bystander, and the Plaintiff himself, attempted to call 911 in order to report a blatantly obvious burglary in progress. In response, Officer David Breaux specifically aborted these 911 calls and advised the 911 operator to not initiate a customary police investigation of these reports. Officer David Breaux reported to the 911 operator that he (Breaux) was an officer with the Gonzales Police Department; that he was on the premises in the furtherance of a legitimate and wholly legal undertaking; and that no criminal activity was afoot.

Officers David Breaux and Certain Other Unknown Officers of the City of Gonzales Police Department were present at the subject premises in their professional capacities as law enforcement officers with the City of Gonzales Police Department including but not limited to preventing the Plaintiff from accessing his premises for a period of forty eight (48) hours. Officers David Breaux and Certain Other Unknown Officers of the City of Gonzales Police Department were wearing full uniform regalia emblazoned with badges and other identifying marks reflecting their respective affiliation(s) with the City of Gonzales' Police Department.

Alternatively, and only to the extent these said Defendant Officers are hereafter shown to have been "off the clock" or otherwise engaging in a private security detail or other mission not directly authorized by and through the usual and customary procedural channels of the Gonzales Police Department, Plaintiff alleges and avers the said Defendant Officers were nevertheless operating "under color of state law," where they were wearing uniforms, carrying weapons, and otherwise acting in a manner consistent with a display of their own official duties. See, *e.g.*, U.S. v. Walsh, 194 F.3d 37, 51 (2d Cir. 1999).

Each, every, and all of the named party Defendants were engaged in a civil rights conspiracy as that term is expressed and elucidated by Hampton v. Hanrahan, 600 F.2d 600, 620–24 (7th Cir. 1979), *cert. granted in part, judgment rev'd in part on other grounds*, 446 U.S. 754, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980).

Plaintiff specifically states a cause of action for civil conspiracy where the named private person party Defendants acted in conjunction with certain police officers or officials, including but not limited to Officer David Breaux and the presently-unnamed Defendant Officers, thereby making the named private person party Defendants liable under 42 U.S.C. 1983 even Breaux and/or the unnamed Defendant Officers are hereafter deemed immune from suit. See, *e.g.*, Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Smith v Brookshire Bros., Inc., 519 F.2d 93 (5th Cir. 1975); Dennis v. Sparks, 449 U.S. 24, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980). Notwithstanding the possibility of immunity being afforded to the Defendant Officers, Plaintiff expressly disclaims such immunity and asserts claims for the full panoply of his substantial losses from each, every, and all named or to-be-named party Defendants.

At all times herein relevant, the said Defendant Officers advised Plaintiff's employees on site that the actions being undertaken by Defendants Smith and others was authorized by law and/or otherwise permissible and legal; however, the said Defendant Officers did not produce a shred of paperwork to the Plaintiff's employees supporting their position, nor could the Defendant Officers produce a valid warrant or other indicia of their authority to "protect" the other Defendants during this illegal and wholly unauthorized forcible entry into Plaintiff's premises.

4

As noted above, the Defendant Officers specifically aborted a third-party bystander's telephone call to 911 and/or a 911 call from the Plaintiff himself, advising the 911 operator that the enterprise was being undertaken in compliance with all applicable law (*e.g.*, there was no need to dispatch a customary police investigation in response to the reported burglary in progress).

The said Defendant Officers knew or should have reasonably known that Defendant Smith and others had no legal authority whatever to gain forcible entry into the Plaintiff's premises. A mere cursory inspection of the relevant documentation would reveal the Plaintiff's premises was subject to a valid and fully binding lease agreement, and none of the private party Defendants presented any authentic evidence of any nature which would in any way abridge the Plaintiff's compelling, Fourth Amendment right (as secured through the Fourteenth Amendment) to "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

The private party Defendants were likewise aware—knew or should have known—that they were without legal authority to enter the Plaintiff's premises by force. The fact that the forced entry was accomplished only after the Defendants lured the Plaintiff away from his office unit by deceit and subterfuge is strong indicia of the fact that no legal authority existed to enter.

The said private Defendants similarly knew or should have known they were without authority to purloin electronic data from the Plaintiff's offices, remove data and hardware from those offices, and engage in a widespread pilfering through the private and secure files belonging to Plaintiff and in which the Defendants had no right or ownership interest whatsoever.

Neither Officer David Breaux nor any other law enforcement officer possessed any official authority to authorize the entry into Plaintiff's premises or otherwise stand idly by while the private party Defendants ransacked the premises and purloined multiple hundreds of thousands of dollars in sensitive electronic data and associated computer hardware.

At all times during the events described above, Officer David Breaux was engaged in a joint venture with the private party Defendants and Certain Other Unknown Officers of the Gonzales City Police Department, and all Defendants assisted each other in performing the various actions described and lent their physical presence, support, tacit approval, and the authority of their office to each other during the said events.

Again, and pursuant to the conspiracy allegations set forth above, Plaintiff specifically shows the private party Defendants acted in concert with the Defendant Officers in order to deprive Plaintiff of his fundamental Fourth Amendment rights.

5

It is specifically alleged each and every party Defendant knew there was no legitimate authority to secure entry into the Plaintiff's premises, and the resulting entry—together with the acts of theft, destruction of property, and eavesdropping—were done in a manner wherein these Defendants either expressly or tacitly acquiesced to the entry and/or generally approved and ratified actions which violated the fundamental and core protections afforded to Plaintiff by the Fourth Amendment as extended to the States through the Fourteenth Amendment.

2. **Defendants' claims:**

   a. **Defendants The City of Gonzales, Sherman Jackson and David Breaux:**

On September 4, 2012 Gopalam Gopinath ("plaintiff") filed suit in the United States District Court for the Middle District of Louisiana against the City of Gonzales, Sherman Jackson and David Breaux ("City Defendants"). Plaintiff's suit seeks damages arising out of an incident that occurred on September 1, 2011. Sometime prior to September 1, 2011, a representative of St. James Behavioral Health Hospital Inc. called the Gonzales Police Department requesting that a Gonzales police officer provide security during an employee termination at St. James Behavioral Health Hospital Inc. on September 1, 2011. David Breaux volunteered to work the extra duty detail.

On September 1, 2011, David Breaux arrived at St. James Behavioral Health Hospital Inc. to work the extra duty detail. While plaintiff was being terminated, David Breaux stood outside the St. James Behavioral Health Hospital Inc. on the side walk. Following plaintiff's termination, David Breaux and Carl Koach started to walk plaintiff to his vehicle when plaintiff stopped and asked to retrieve some files and a computer from his office. Carl Koach advised plaintiff that he was not allowed back into his office. Plaintiff became upset and began using his cell phone. Koach asked plaintiff several times to leave the premises. David Breaux then asked plaintiff to leave the premises. Plaintiff refused, and began using his cell phone again, this time calling 911 to report an alleged burglary. Breaux advised dispatch that he was on the scene and that no other officers needed to come. Breaux then asked plaintiff to leave the premises, to which plaintiff finally complied. Plaintiff moved his vehicle from the St. James Behavioral Health Hospital Inc. parking lot to a lot across the street, where he continued to call 911.

The City of Gonzales, Sherman Jackson and David Breaux deny that they are liable to the plaintiff in any amount or for any reason whatsoever. Plaintiff's claim that the individual defendants engaged in a conspiracy under 42 U.S.C. § 1983 to violate his Fourth and Fourteenth Amendment rights lacks merit because Breaux's actions on September 1, 2011 do not amount to violation of the Fourth

6

or Fourteenth Amendment and there is no evidence of a conspiracy. Plaintiff also lacks evidence to support his claim that the City of Gonzales had a policy of deliberate indifference to constitutional rights, improperly investigated citizen complaints and inadequately supervised and trained its officers. Accordingly, the City of Gonzales, Sherman Jackson and David Breaux have no liability to plaintiff for violation of any civil or constitutional rights. In addition, plaintiff will be unable to prove a negligence claim or intentional infliction of emotional distress.

Furthermore, Sherman Jackson and David Breaux are qualifiedly immune from suit because they were at all times acting prudently and in good faith, and their conduct did not violate any clearly established constitutional rights of the plaintiff.

b. **Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:**

Defendants Wendell B. Smith, Dr. Rama Kongara, and Dr. Lance Bullock and Plaintiff Gopinath Gopalam are the four shareholders of the corporation known as St. James Behavioral Health Hospital, Inc. Defendant Rick Bennett serves as the Administrator of St. James Behavioral Health Hospital, Inc.'s inpatient hospital. This suit results from the alleged actions of Defendants with regard to events which occurred on September 1, 2011. Prior to September 1, 2011, Mr. Gopalam served as a director and the active Chief Executive Officer and Chief Financial Officer of St. James Behavioral Health Hospital, Inc. Mr. Gopalam was also the sole member of numerous other entities which entered into contractual relations with St. James Behavioral Health Hospital, Inc. for certain services and business endeavors. Many of these referenced contracts were signed by Mr. Gopalam, as agent for both parties.

Prior to September 1, 2011, it came to the attention of the Defendant shareholders that actions being performed by Mr. Gopalam and contracts entered into with Mr. Gopalam's entities were to the extreme detriment of St. James Behavioral Health Hospital, Inc. but were vastly to the benefit of Plaintiff Gopalam and his wholly owned entities. As such, the Defendants sought to remove Plaintiff Gopalam as a director and officer and to terminate all contractual relations with his wholly owned entities. To prevent Mr. Gopalam from destroying all corporate records in his possession which would evidence Mr. Gopalam's and his entities' self-dealing and breaches of fiduciary duties to the corporation, at the request of the shareholders of the corporation, Defendants Smith and Bennett entered into certain offices owned by Aquila Properties, L.L.C. for which Dr. Rama Kongara and Dr. Lance Bullock are shareholders for the purposes of obtaining and preserving St. James Behavioral Health Hospital, Inc.'s corporate records. On September 1, 2011, the Defendants were of the belief that no sub-lease had been executed in favor of Apollo Management Consultants, L.L.C., which is a wholly

7

owned entity of Plaintiff Gopalam, and which was believed to be doing business out of offices owned by Aquila Properties, L.L.C. Subsequent to the actions taken on September 1, 2011, Mr. Gopalam produced a sublease naming Apollo Management Consultants, L.L.C. as a sublessee of the premises. It is important to note that Plaintiff Gopalam signed the lease on behalf of St. James Behavioral Health Hospital, Inc. as sublessor and Apollo Management Consultants, L.L.C. as sublessee. As a result of the above, a litany of litigation (currently six (6) pending lawsuits), now exists between the Defendants and Plaintiff Gopalam and his entities.

St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, Dr. Lance Bullock, and Rick Bennett deny that they are liable to the plaintiff in any amount or for any reason whatsoever. Plaintiff's claim that the individual defendants engaged in a conspiracy under 42 U.S.C. § 1983 to violate his Fourth and Fourteenth Amendment rights lacks merit because Defendants' actions on September 1, 2011 do not amount to violation of the Fourth or Fourteenth Amendment and there is no evidence of a conspiracy. Accordingly, the Defendants have no liability to plaintiff for violation of any civil or constitutional rights. In addition, plaintiff will be unable to prove a negligence claim or intentional infliction of emotional distress.

C.  **PENDING MOTIONS**

List any pending motions, the date filed, and the basis of the motion(s).

a.  **Plaintiff Gopinath Gopalam:** "Defendant Barney Arceneaux filed a Motion to Dismiss for Failure to State a Claim [Rec. Doc. 3] on November 6, 2012. Defendant Arceneaux seeks FRCP 12(b)(6) dismissal on the grounds that he (Arceneaux) is not the employer of the individual police officers of the Gonzales Police Department. Instead, Arceneaux alleges the City of Gonzales, as "a Lawrason Act municipality governed by La. R.S. § 33:321, *et seq.*," is the employer of the individual police officers made Defendants.

Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett filed a Joint Motion to Dismiss and Alternative Joint Motion to Stay [Rec. Doc. 6] on November 7, 2012. These Defendants allege the above-captioned lawsuit is the third lawsuit filed by Plaintiff Gopalam and or his wholly owned entities against the Defendants with regard to the same transaction and occurrence as described in the Complaint. As such, the Defendants aver the above captioned action should be dismissed based upon the federally recognized doctrine of "prior pending action" or, alternatively, the above captioned proceeding be stayed until the pending matters in State District Court are resolved as to these Defendants.

    **b.**    **Defendants The City of Gonzales, Sherman Jackson and David Breaux, St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:** "City Defendants have filed a Motion to Dismiss on Behalf of Mayor Barney Arceneaux (Doc. 3). The City of Gonzales is a Lawrason Act municipality and as such the City of Gonzales, not the mayor, is the employer of individual police officers.

    St. James Behavioral Health Hospital, Inc., Wendell Smith, Dr. Rama Kongara, Dr. Lance Bullock, and Rick Bennett have filed a Motion to Dismiss Proceedings and alternative Motion to Stay Proceedings (Doc. 6). There are currently numerous pending suits in State District Court involving the same parties and the same transaction and occurrence at issue in the above captioned suit."

**D.**      **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute.

**1.**      **Plaintiffs' Issues:**

    **a.**    Whether Plaintiffs' Complaint states a claim upon which relief can be granted.

    **b.**    Whether Defendants are entitled to qualified immunity.

    **c.**    Contributory and comparative fault of Plaintiff.

    **d.**    Assessment/apportionment of fault between parties and non-parties.

    **e.**    Causation.

    **f.**    Whether Defendants are liable under any or all of the applicable statutory and constitutional provisions including, but not limited to, 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

    **g.**    Whether Officer David Breaux wrongfully entered, illegally searched, and improperly seized the premises and property of Plaintiff, Gopinath Gopalam.

    **h.**    Whether Officer Sherman Jackson wrongfully entered, illegally searched, and improperly seized the premises and property of Plaintiff, Gopinath Gopalam.

- **i.** Whether Officer David Breaux is liable for the alleged wrongful entrance, search, and/or seizure of the premises and property of Plaintiff, Gopinath Gopalam.

- **j.** Whether Officer Sherman Jackson is liable for the alleged wrongful entrance, search, and/or seizure of the premises and property of Plaintiff, Gopinath Gopalam.

- **k.** Whether Defendants have asserted valid defenses to Plaintiff's Complaint.

- **l.** Any other issues of law inherent in the pleadings and disputed by the parties.

2. **Defendants' Issues**

   a. **Defendants City of Gonzales, Sherman Jackson and David Breaux:**

   - **i.** Whether plaintiff can prove a conspiracy under 42 U.S.C. § 1983 to violate his Fourth and Fourteenth Amendment rights.

   - **ii.** Whether the City of Gonzales had a policy of deliberate indifference to constitutional rights

   - **iii.** Whether the City of Gonzales had a policy of improperly investigating citizen complaints

   - **iv.** Whether the City of Gonzales failed to adequately train or supervise its officers.

   - **v.** Whether plaintiff can prove a claim against any of the City Defendants under Louisiana Civil Code art. 2315.

   - **vi.** Whether plaintiff has stated a claim upon which relief can be granted.

   - **vii.** Whether David Breaux is entitled to the defense of qualified immunity.

   - **viii.** Whether Sherman Jackson is entitled to the defense of qualified immunity.

   - **ix.** Whether plaintiff has stated a state or federal claim upon which relief can be granted against the City of Gonzales.

   - **x.** Whether plaintiff has suffered a compensable injury.

  **b.**  **Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:**

    **i.**  Whether plaintiff can prove a conspiracy under 42 U.S.C. § 1983 to violate his Fourth and Fourteenth Amendment rights.

    **ii.**  Whether plaintiff can prove he was subjected to and suffered intentional infliction of emotion distress by Defendants.

    **iii.**  Whether plaintiff has stated a claim upon which relief can be granted.

    **iv.**  Whether plaintiff has stated a state or federal claim upon which relief can be granted against the Individual Defendants.

    **v.**  Whether plaintiff has suffered a compensable injury.

**E.**  **DAMAGES:**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. **Plaintiff Gopinath Gopalam's Calculation of Damages:** "Plaintiff avers that the full nature, extent, and duration of his injuries is not yet fully manifested. Nevertheless, Plaintiff alleges his claim for special and general damages will exceed $1,000,000.00, not including such amounts as may be awarded in punitive damages and attorney fees."

2. **Defendants City of Gonzales, Sherman Jackson and David Breaux's calculation of offset and/or plaintiff's damages:** "Since no discovery has been conducted, it is premature to attempt to calculate the plaintiff's damages."

3. **Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett's calculation of offset and/or plaintiff's damages:** "Since no discovery has been conducted, it is premature to attempt to calculate the plaintiff's damages."

4. **Counter claimant/cross claimant/third party's calculation of damages:** "Not Applicable."

**F.**  **SERVICE:**

1. Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

11

Case 3:12-cv-00542-JJB-SCR  Document 9  11/20/12  Page 11 of 20

      **a.**    **Plaintiff:** The main party Defendants have filed responsive pleadings [Rec. Docs. 3,4,6,7], and there are no known issues with respect to waiver or service of process, personal jurisdiction, or venue. Plaintiff notes that his Complaint names "Certain Other Unknown Officers of the City of Gonzales Police Department" as party defendant(s), and Plaintiff has not yet ascertained the identity of these individuals (which will occur during discovery). Plaintiff avers he will affirmatively seek leave of this Honorable Court to amend his Complaint to identify these (presently unknown) party Defendants at such time as their identities are discovered.

      **b.**    **The City of Gonzales, Sherman Jackson and David Breaux, St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:** "There are no unresolved issues as to service, personal jurisdiction or venue."

**G.**    **DISCOVERY**

  **1.**    **Have the initial disclosures required under FRCP 26(a)(1) been completed?**

        [ ] YES        [**X**] NO

      **a.**    Do any parties object to initial disclosures?

        [ ] YES        [**X**] NO

For any party who answered yes, please explain your reasons for objecting:

      **b.**    Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures:

          **i.**    **Plaintiff**: "Plaintiff proposes Initial Disclosures be completed by December 21, 2012."

          **ii.**    **Defendants**: "The parties agree to exchange initial disclosures by December 21, 2012."

  **2.**    **Briefly describe any discovery that has been completed or is in progress:**

**By Plaintiff Gopinath Gopalam: "**Plaintiff has not commenced discovery."

**By Defendants City of Gonzales, Sherman Jackson and David Breaux:** "City Defendants have issued a subpoena duces tecum to the Ascension Parish Sheriff's Office for the dispatch tapes related to this incident."

**By Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith,**

12

**Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:** "None in the above referenced matter."

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

   i. **Plaintiff**: "Plaintiff avers the corporate and medical records upon which many of the claims and/or defenses in this matter will be based will require execution of multiple protective orders. Defendants are Plaintiff's direct business competitors, and Plaintiff's claims arise, in part, from the Defendants' access and destruction of confidential and otherwise privileged medical records."

   ii. **Defendants**: "To the extent corporate records of St. James Behavioral Health Hospital, Inc. are sought by Plaintiff in the above captioned matter, a confidentiality/protective order shall be requested as Plaintiff Gopalam is a direct business competitor of St. James Behavioral Health Hospital, Inc."

4. **Discovery from Experts:**

   Identify the subject matter(s) as to which expert testimony will be offered:

   **By Plaintiff Gopinath Gopalam:**

   Plaintiff avers that discovery is in the earliest stages, and he cannot and does not know the full range of expert testimony which may be required to "prove up" his claims (*e.g.*, Plaintiff does not know what matters may be stipulated among the parties). Nevertheless, Plaintiff avers he will call economists, forensic accountants, and such other various and sundry damage experts as may be necessary to substantiate and prove his considerable losses. Further, Plaintiff will call such experts as may be necessary to support his claims for past and future economic losses. Plaintiff may call a police liability expert(s), and he may call certain other experts to testify regarding the applicable standard of care and the Defendants' breach of same in this incident.

   **By Defendants City of Gonzales, Sherman Jackson and David Breaux:** "Until plaintiff identifies what expert testimony he intends to offer, the City Defendants reserve the right to name experts based on what expert testimony the plaintiff presents. The City Defendants contemplate the necessity of a police liability expert, medical experts, and other damage experts."

13

**By Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D. and Rick Bennett:** "Until plaintiff identifies what expert testimony he intends to offer, the Individual Defendants reserve the right to name experts based on what expert testimony the plaintiff presents."

**H.     PROPOSED SCHEDULING ORDER**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:

    a. Plaintiff: **January 21, 2013**

    b. Defendants: **January 21, 2013**

2. Recommended deadlines for completion of fact discovery:

    **A.** Exchanging initial disclosures required by FRCP 26(a)(1):

    i. Plaintiff: **December 21, 2012**

    ii. Defendants: **December 21, 2012**

    **B.** Filing all discovery motions and completing all discovery except experts:

    i. Plaintiff: **June 21, 2013**

    ii. Defendants: **June 21, 2013**

3. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest difference dates for disclosure of experts in different subject matters):

    a. Plaintiff:

    i. Plaintiffs to designate: **April 19, 2013**
    ii. Defendants to designate: **May 31, 2013**

    b. Defendants:

    i. Plaintiffs to designate: **April 19, 2013**
    ii. Defendants to designate: **May 31, 2013**

**4.** Exchange of expert reports:

    **a.** Plaintiff:

        iii. Plaintiffs to provide **April 19, 2013**
        iv. Defendants to provide **June 28, 2013**

    **b.** Defendants:

        i. Plaintiffs to provide: **April 19, 2013**
        ii. Defendants to provide: **June 28, 2013**

**5.** Completion of discovery from experts:

    **a.** Plaintiff: **August 16, 2013**

    **b.** Defendants: **August 16, 2013**

**6.** Filing dispositive motions:

    **a.** Plaintiff: **September 16, 2013**

    **b.** Defendants: **September 16, 2013**

**7.** All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined by the magistrate judge based on the presiding judge's schedule, within the following general parameters[1]:

    **a.** Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    **b.** Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    **c.** Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    **d.** Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

- **e.** Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

- **f.** Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

- **g.** Trial date (approximately 27-29 weeks after dispositive motion deadline).

8. If the general outline of proposed deadlines set forth in numbers 1-6 does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I. TRIAL**

1. Has a demand for trial by jury been made?

    [**X**] YES          [ ] NO

2. Estimate the number of days that trial will require:

    **a.** Plaintiff: "Two (2) to three (3) days."

    **b.** Defendants: "3 days"

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES          [ **X** ] NO

1. If the answer is yes, please explain:

2. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

    [ **X** ] YES          [ ] NO

**K. SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    None.

2.  Do the parties wish to have a settlement conference?

    [ ] YES*            [ **X** ] NO*

    a.  Plaintiff: "Plaintiff is amenable to attempting a pretrial settlement or other ADR at a point which is mutually-amenable to all parties."

    **a.**  Defendants: "Defendants do not wish to have a settlement conference."

**L.  CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES            [ **X** ] NO

**i.**  Plaintiff: "Plaintiff does not consent to jurisdiction by a Magistrate Judge of this court."

**ii.** Defendants: "Defendants do not consent to jurisdiction by a Magistrate Judge of this court."

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign below to indicate your consent.

**Report dated:**            **11/20/2012**

17

Case 3:12-cv-00542-JJB-SCR   Document 9   11/20/12   Page 17 of 20

**Report Prepared By:** /s/ Katie Deranger Bell, Esq.
                         /s/ Cody Michael Martin, Esq.
                         /s/ Thomas McCabe Lockwood, III Esq.
                         /s/ Pegram J. Mire, Jr., Esq.
                         /s/ Sidney Albert Marchand, III, Esq.
                         /s/ J. Christopher Alexander, Sr., Esq.

                         /s/ John Christopher Alexander, Sr., Esq.
                         J. Christopher Alexander, Sr., Esq.
                         Louisiana Bar Roll No.: 26,591
                         Law Office of J. Christopher Alexander, Sr., LLC
                         3751 Government Street, Suite "A"
                         Baton Rouge, Louisiana 70806
                         225-761-9456 (telephone)
                         225-761-7899 (facsimile)
                         chris@jcalaw.us
                         ***Counsel for Plaintiff Gopinath Gopalam***

                              **AND**

                         /s/ Katie Deranger Bell, Esq.
                         Bradley Charles Myers, Esq. (T.A.)
                         Louisiana Bar Roll No.: 1499
                         Katie Deranger Bell, Esq.
                         Louisiana Bar Roll No.: 29831
                         Amanda Marie Collura, Esq.
                         Louisiana Bar Roll No.: 33777
                         Kean Miller, LLP
                         Post Office Box 3513
                         Baton Rouge, Louisiana 70821
                         225-387-0999 (telephone)
                         225-388-9133 (facsimile)
                         brad.myers@keanmiller.com
                         katie.bell@keanmiller.com
                         amanda.collura@keanmiller.com
                         ***Counsel for Defendants City of Gonzales, Sherman Jackson and David Breaux***

                              **AND**

                         /s/ Cody Michael Martin, Esq.
                         Cody Michael Martin, Esq.
                         Louisiana Bar Roll No.: 33262
                         Robert Ryland Percy, III, Esq.
                         Louisiana Bar Roll No.: 10418

Erin Wiley Lanoux, Esq.
 Louisiana Bar Roll No.: 28651
Percy, Lanoux, Mumphrey & Martin, LLC
712 North Burnside Avenue
Gonzales, Louisiana 70737
225-621-8522 (telephone)
225-647-6959 (facsimile)
cmartin@percylaw.com
rpercy@percylaw.com
elanous@percylaw.com

 /s/ Thomas McCabe Lockwood, III Esq.
Thomas McCabe Lockwood, III, Esq.
Louisiana Bar Roll No.: 11028
12345 Perkins Road, Building 2, Suite 201
Baton Rouge, Louisiana 70810
225-769-6799 (telephone)
225-769-6797 (facsimile)
mac@thomaslockwoodlaw.com


 /s/ Pegram J. Mire, Jr., Esq.
Pegram J. Mire, Jr., Esq.
Louisiana Bar Roll No.: 9627
Dugas & Mire, LLC
1212 East Worthy Road, Suite "A"
Gonzales, Louisiana 70737
225-644-1255 (telephone)
225-644-6294 (facsimile)
jmire@eatel.net

 /s/ Sidney Albert Marchand, III, Esq.
Sidney Albert Marchand, III, Esq.
Louisiana Bar Roll No.: 9258
320 Chetimaches Street
Donaldsonville, Louisiana 70346
225-473-3811 (telephone)
225-473-1607 (facsimile)
sidney@sam3alc@brcoxmail.com
*Counsel for Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett*

19

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Joint Status Report was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 20th day of November, 2012.


/s/ Katie Deranger Bell, Esq.
Katie D. Bell, Esq.