**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GOPINATH GOPALAM**<br>     *Plaintiff*<br><br>**V.**<br><br>**CITY OF GONZALES, THROUGH MAYOR BARNEY ARCENEAUX, CHIEF OF POLICE SHERMAN JACKSON, OFFICER DAVID BREAUX OF THE CITY OF GONZALES POLICE DEPARTMENT, OTHER UNNAMED OFFICERS OF THE CITY OF GONZALES POLICE DEPARTMENT, WENDELL B. SMITH, DR. RAMA KONGARA, M.D., DR. LANCE E. BULLOCK, M.D., RICK BENNETT, AND ST. JAMES BEHAVIORAL HEALTH HOSPITAL INC.**<br>     *Defendants* | **CIVIL ACTION NO.: 12-542-JJB-SCR** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FILED BY MAYOR BARNEY ARCENEAUX [REC. DOC. 3]**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff herein, **Gopinath Gopalam**, who files this Memorandum in Opposition to the Motion to Dismiss Filed by Mayor Barney Arceneaux [Rec. Doc. 3] and who, with respect to same, does hereby allege, aver, depose, attest, state and claim as follows:

**I.    SYLLABUS:**

Mayor Arceneaux seeks to dismiss Plaintiff's *respondeat superior* claims because: "Arceneaux cannot supervise or direct the administration or operation of the police department, nor can he appoint or remove police department employees." Rec. Doc. 3-1, p. 2. Arceneaux's argument is not well-founded. Recent jurisprudence reveals the mayor in a Lawrason Act municipality retains authority to hire, discipline and terminate municipal police employees. Grant v. Grace, 2003-2021, p. *9 (La. 4/14/04), 870 So.2d 1011, 1016. This authority is

sufficient to give the mayor supervisory and administrative direction over police employees: "Hiring and firing police personnel remains within the authority of the municipal governing body." La. Atty. Gen. Op. No. 09-0256, p. 1.

## II. FACTUAL BACKGROUND:

Plaintiff Gopinath Gopalam has asserted claims for damages he sustained when his business was burglarized by several business competitors. Mr. Gopalam's competitors secured the able assistance of several officers with the Gonzales Police Department during the forced entry / burglary of Mr. Gopalam's offices. Despite the patent illegality of the competitors' endeavor, these police officers furthered the operation by preventing Mr. Gopalam from calling 911 and preventing (by threat of arrest) Mr. Gopalam from reentering his business premises for at least forty-eight (48) hours. Mr. Gopalam has filed the present lawsuit and asserted claims against both his competitors and the individual law enforcement officers who provided a false shield or "cover" for those competitors.

Mr. Gopalam also asserted claims of improper training or supervision of the subordinate officers against Gonzales Mayor, Mr. Barney Arceneaux:

> The Mayor of Gonzales, Barney Arceneaux, did, at all time times material and relevant herein, hold executive authority over the City of Gonzales and/or the Gonzales City Police Department.

Rec. Doc. 1, pp. 6-7, para. 34. Elsewhere, Mr. Gopalam outlines facts tending to show Mayor Arceneaux failed to supervise, train, or otherwise discipline the responding officers, and those failures constituted gross / deliberate indifference leading inexorably to the deprivation of Mr. Gopalam's constitutional rights:

> Prior to September 1, 2011, the City of Gonzales and/or the Gonzales City Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Gonzales, which policies or customs caused the violation of the Plaintiff's rights.

> It was the policy and/or custom of the City of Gonzales and/or the Gonzales City Police Department to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead acquiesced to by the City of Gonzales.
> It was the policy and/or custom of the City of Gonzales and/or the Gonzales City Police Department to tolerate known misconduct by Defendants Officers
>
> Both prior and subsequent to September 1, 2011, the City of Gonzales and/or the Gonzales City Police Department had actual or constructive knowledge of prior incidents of police misconduct and failed to take adequate remedial action.
>
> It was the policy and/or custom of the City of Gonzales and/or the Gonzales City Police Department to inadequately supervise and train its police officers, including Officer David Breaux and Certain Other Unknown Officers of the City of Gonzales Police Department, thereby failing to adequately discourage further constitutional violations on the part of its police officers.
>
> It was the policy and/or custom of the City of Gonzales and/or the Gonzales City Police Department to not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.
>
> As a result of the above described policies and customs, police officers of the City of Gonzales and/or the Gonzales City Police Department, including Defendant Officer David Breaux and Certain Other Unknown Officers of the City of Gonzales Police Department, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.
>
> The City of Gonzales and/or the Gonzales City Police Department, by and through its Chief of Police, instituted and supported unconstitutional acts, customs, and policies whereby Gonzales Police Officers were permitted and encouraged to engage in the abuse of their status as law enforcement officers, acting in the aide of private citizens, such as the named private Defendants herein, in pursuit of private vendettas and grievances.
>
> The acts, customs, and policies of the City of Gonzales and/or the Gonzales City Police Department amounted to deliberate indifference to the Plaintiff's constitutional rights and proximately caused him injuries as alleged herein.

Rec. Doc. 1, pp. 14-15, paras. 72-80. In short, Mr. Gopalam's claims against Mayor Arceneaux presuppose the mayor's authority to "do something" in response to pandemic unconstitutional acts, customs, and policies effected by the City's police officers.

### III.  APPLICABLE LAW:

Defendant Arceneaux files the present Motion to Dismiss and claims he is "not the employer of the individual police officers of the Gonzales Police Department."  Rec. Doc. 3-1. p. 1.  Implicitly, Defendant Arceneaux contends the mayor's office is powerless to "supervise or direct the administration or operation of the police department."  Rec. Doc. 3-1, p. 2.  Based on this claimed lack of supervisory authority, Mayor Arceneaux argues: "The Lawrason Act specifically removes police department employees from under the Mayor's authority and places that responsibility with the elected chief of police."  Rec. Doc. 3-1, p. 2.  Thus, Mayor Arceneaux concludes that while "the City of Gonzales…may be liable for the tortious acts of those police offices [sic]," the City of Gonzales' mayor, Defendant Arceneaux, cannot be liable.  Rec. Doc. 3-1, p. 3.

Mayor Arceneaux's position is simply not supported by our Louisiana Supreme Court's interpretation of the applicable law.  On its face, La. R.S. 33:404 (cited by Arceneaux) would appear to remove the mayor's supervisory authority over members of the police department:

> The mayor shall have the following powers, duties, and responsibilities: …Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police.

La. R.S. 33:404(A)(3).  In turn, the police chief's authority over "employees of a police department" is stated in La. R.S. 33:423 as follows:

> In those municipalities governed by the provisions of this Part … which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel.

La. R.S. 33:423(A).  The prior decisions of <u>Lee v. Grimmer</u>, 99-2196 (La.App. 1 Cir. 2000), 775 So.2d 1223 and <u>Thibodeaux v. Hernandez</u>, 97-602 (La.App. 3 Cir. 10/29/97), 702 So.2d 1157,

interpreted these two statutes and found the police chief's "approval" of a municipality's termination to be necessary for a municipality (*i.e.*, the mayor) to effect disciplinary action and/or dismissal of police personnel.  Our Louisiana Supreme Court considered these holdings and flatly reversed.  Grant v. Grace, 2003-2021 (La. 4/14/04), 870 So.2d 1011.

In Grant, our Supreme Court clearly established the mayor's authority to hire, discipline and terminate municipal police employees:

> While we find that the police chief is to be allowed to make recommendations before the municipality acts … we reject the holdings of Lee v. Grimmer and Thibodeaux v. Hernandez which have provided that the specific recommendation of termination or approval of the police chief is a prerequisite to the municipality's ability to terminate peace officers.

Grant v. Grace, 2003-2021, pp. 9-10, 870 So.2d at 1016.  Stated otherwise, Grant recognizes the authority of the mayor to "supervise or direct the administration or operation of the police department," quite opposite to Mayor Arceneaux's contrary contention.  Rec. Doc. 3-1, p. 2.

Our U.S. Supreme Court has found 42 U.S.C. 1983 municipal liability attaches where "'a deliberate choice to follow a course of action is made among various alternatives' by the policy makers of the city."  City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989), citing Pembaur v. Cincinnati, 475 U.S. 469, 483–484, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986).  The Fifth Circuit has further explained that "a single decision by an official can be grounds for section 1983 liability where the decision was rendered by an individual with 'final policy making authority,'" as determined under state law.  Gelin v. Housing Authority of New Orleans, 456 F.3d 525, 527 (5th Cir. 2006).

Mayor Arceneaux effectively argues he cannot be held liable because he is not an individual with "final policy making authority" as per Gelin.  The Louisiana Supreme Court's ruling in Grant v. Grace suggests otherwise.  Mayor Arceneaux possessed the express authority

to hire, discipline and terminate municipal police employees—including those made party defendants herein—and his present attempt to avoid liability is without merit.

Further, and although Plaintiff avers that Defendant Arceneaux's asserted defense is generally without merit, Plaintiff additionally notes the 12(b)(6) motion is not favored and *should rarely be granted*, Madison v. Purdy, 410 F.2d 99 (5th Cir. 1969), [with] resolution on the merits being preferred to disposition on the technical grounds of failure to state a claim. Airline Car Rental, Inc. v. Shreveport Airport Authority, 667 F.Supp. 293, 295 (W.D.La. 1986), emphasis added.

In the recent decisions of Twombly and Iqbal our U.S. Supreme Court set forth the standard to be applied by trial courts in deciding motions to dismiss. See, *e.g.*, Diamond Services Corp. v. Oceanografia, S.A. De C.V., 10–00177, p. *3 (W.D.La. 02/09/2011), --- F.Supp.2d ---, 2011 WL 938785, *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) *and* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Twombly and Iqbal approach to consideration of motions to dismiss is stated thusly: When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007), *quoting* Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Breaches Litig., 495 F.3d at 205 *quoting* Twombly, 550 U.S. at 544, 127 S.Ct. at 1974.

"Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. *quoting* Twombly., 550 U.S. at 555, 127 S.Ct. at 1965. "A claim has facial

plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [Twombly] at 556, 127 S.Ct. 1955.... Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. Perhaps most importantly, Twombly and Iqbal have not changed the pleading requirements under Rules 8 and 12(b)(6). The Fifth Circuit has emphasized Twombly does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2), because Twombly itself recognizes pleading requirements can only by changed by amendment of the Federal Rules. Diamond Services Corp. at p. *2, citing Lormand, at 258, n. 29.

Under the standard of Twombly and Iqbal, Plaintiff Gopalam has set forth a plausible claim for relief against Mayor Arceneaux. Plaintiff has certainly pled factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Under this liberal pleading approach—and in view of the well-pled facts set forth in Plaintiff's Complaint [Rec. Doc. 1]—Defendant Arceneaux's present Motion to Dismiss is without merit and should be dismissed at this early procedural juncture.

**IV. CONCLUSION:**

For all of the foregoing reasons, Mayor Barney Arceneaux's Motion to Dismiss [Rec. Doc. 3] should be denied, and this matter should thereafter be permitted to proceed to a full trial on all issues.

SIGNATURE ON NEXT PAGE.

Respectfully Submitted,

**Law Office of J. Christopher Alexander, Sr., LLC**
Attorney and Counselor at Law


/s/ J. Christopher Alexander, Sr., Esq.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Counsel for Plaintiff

CERTIFICATE OF SERVICE ON NEXT PAGE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon the following counsel of record herein:

| | |
|---|---|
| **Bradley Charles Myers, Esq. (T.A.)**<br>**Katie Deranger Bell, Esq.**<br>**Amanda Marie Collura, Esq.**<br>Kean Miller, LLP<br>Post Office Box 3513<br>Baton Rouge, Louisiana 70821<br>225-387-0999 (telephone)<br>225-388-9133 (facsimile)<br>brad.myers@keanmiller.com<br>katie.bell@keanmiller.com<br>amanda.collura@keanmiller.com<br><br>**Cody Michael Martin, Esq.**<br>**Robert Ryland Percy, III, Esq.**<br>**Erin Wiley Lanoux, Esq.**<br>Percy, Lanoux, Mumphrey & Martin, LLC<br>712 North Burnside Avenue<br>Gonzales, Louisiana 70737<br>225-621-8522 (telephone)<br>225-647-6959 (facsimile)<br>cmartin@percylaw.com<br>rpercy@percylaw.com<br>elanous@percylaw.com | **Thomas McCabe Lockwood, III, Esq.**<br>12345 Perkins Road, Building 2, Suite 201<br>Baton Rouge, Louisiana 70810<br>225-769-6799 (telephone)<br>225-769-6797 (facsimile)<br>mac@thomaslockwoodlaw.com<br><br>**Pegram J. Mire, Jr., Esq.**<br>Dugas & Mire, LLC<br>1212 East Worthy Road, Suite "A"<br>Gonzales, Louisiana 70737<br>225-644-1255 (telephone)<br>225-644-6294 (facsimile)<br>jmire@eatel.net<br><br>**Sidney Albert Marchand, III, Esq.**<br>320 Chetimaches Street<br>Donaldsonville, Louisiana 70346<br>225-473-3811 (telephone)<br>225-473-1607 (facsimile)<br>sidney@sam3alc@brcoxmail.com |

I FURTHER CERTIFY that the foregoing service was effected via delivery of this self-same document into the Court's electronic filing system (CM/ECF), which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the 27th day of November, 2012, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

    /s/ J. Christopher Alexander, Sr., Esq.
    J. Christopher Alexander, Sr., Esq.