UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GOPINATH GOPALAM**<br>*Plaintiff*<br><br>V.<br><br>**CITY OF GONZALES, THROUGH MAYOR BARNEY ARCENEAUX, CHIEF OF POLICE SHERMAN JACKSON, OFFICER DAVID BREAUX OF THE CITY OF GONZALES POLICE DEPARTMENT, OTHER UNNAMED OFFICERS OF THE CITY OF GONZALES POLICE DEPARTMENT, WENDELL B. SMITH, DR. RAMA KONGARA, M.D., DR. LANCE E. BULLOCK, M.D., RICK BENNETT, AND ST. JAMES BEHAVIORAL HEALTH HOSPITAL INC.**<br>*Defendants* | **CIVIL ACTION NO.: 12-542-JJB-SCR**<br>**JUDGE: HON. JAMES J. BRADY**<br>**MAGISTRATE: HON. STEPHEN C. RIEDLINGER** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOINT MOTION TO DISMISS COMPLAINT BASED ON PRIOR PENDING ACTION, AND ALTERNATIVE JOINT MOTION TO STAY BASED ON PRIOR PENDING ACTION FILED BY DEFENDANTS ST. JAMES BEHAVIORAL HEALTH HOSPITAL, INC., WENDELL B. SMITH, DR. RAMA KONGARA, M.D., DR. LANCE BULLOCK, M.D., AND RICK BENNETT [REC. DOC. 6]**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff herein, **Gopinath Gopalam**, who files this Memorandum in Opposition to the "Joint Motion to Dismiss Complaint Based on Prior Pending Action, and Alternative Joint Motion to Stay Based on Prior Pending Action" filed by Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett [Rec. Doc. 6] and who, with respect to same, does hereby allege, aver, depose, attest, state and claim as follows:

**I. SYLLABUS:**

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A stay of federal proceedings under Colorado River may be

considered *only* when the federal and state cases are parallel—the actions involve the same parties and same issues. See, *e.g.*, Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006). As a general rule, the Supreme Court has repeatedly held: "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910), *as cited in* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517, 1526-1527, 161 L.Ed.2d 454 (2005).

Defendants St. James, Smith, Kongara, Bullock, and Bennett seek to dismiss Plaintiff's claims or stay this litigation "based upon the federally recognized doctrine of 'prior pending action.'" Rec. Doc. 6., p. 1, para. 1. In short, Defendants argue the present litigation "is duplicative of a prior filed suit" between some of the same parties to this action, where "Plaintiff Gopalam has already caused two separate suits to be filed in Louisiana State District Courts" in relation to "the exact same factual allegations and damages." Rec. Doc. 6-1, pp. 3-4. Although not expressly stated, Defendants essentially contend the present federal action is a "parallel proceeding" to the prior state actions, thus triggering application of Colorado River abstention: "Suits are 'parallel,' for the purposes of determining whether Colorado River abstention applies, if they involv[e] the same parties and the same issues." Diamond Offshore Co. v. A & B Builders, Inc., 302 F.3d 531, 540 (5th Cir. 2002), *citing* Republic Bank Dallas, Nat'l Assoc. v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987).

"Parallel proceedings" involve "substantially the same parties ... contemporaneously litigating substantially the same issues in another forum." Primerica Life Ins. Co. v. Twyman, 01-1659, p. *2 (N.D.Tex. 01/14/2002), --- F.Supp.2d ---, 2002 WL 83750, *as cited in* Chaffee McCall, LLP v. World Trade Center of New Orleans, 08–4432, p. *9 (E.D.La. 02/09/2009), ---

F.Supp.2d ---, 2009 WL 322156.  In order to determine whether state and federal proceedings are parallel, "[t]he central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."  Great Lakes Dredge & Dock Co., LLC v. Larrisquitu, 06-3489, 06-3669, 06-4040, p. *14 (S.D.Tex. 08/15/2007), --- F.Supp.2d ---, 2007 WL 2330187.  As will be shown below, the present federal proceeding is not "parallel" with either ongoing state court proceeding, and, as such, neither abstention nor "prior pending" dismissal is appropriate.

## II. FACTUAL BACKGROUND:

The predicate facts giving rise to this litigation are well-stated in the Plaintiff's Complaint.  Rec. Doc. 1.  For now it suffices to note Plaintiff Gopinath Gopalam has generally asserted state and federal claims for damages he sustained when his business was burglarized by several business competitors.  Those business competitors were aided in their endeavor by members of the Gonzales Police Department, and Mr. Gopalam has instituted the present action seeking damages from both the business competitors and the responding police officers.

Prior to commencement of the present litigation, Mr. Gopalam filed two (2) state court proceedings on behalf of his corporations, Sevenhills Healthcare, LLC (Sevenhills) and Apollo Management Consultants, LLC (Apollo).  Although those prior suits included *some* of the same litigants and claims made subject of the present action, a complete resolution of those earlier cases simply will not resolve (or even address) most of the claims presented in this action.

The first action was a "Petition to be Restored to Possession and for Damages" filed on September 2, 2011, against Defendants St. James Behavioral Health Hospital, Inc. (St. James), Dr. Lance E. Bullock, M.D. (Bullock), Dr. Rama Kongara, M.D. (Kongara), and Wendell B. Smith (Smith).  Rec. Doc. 6-2.  Through this Petition and its subsequent amendment [Rec. Doc.

6-2, pp. 12-23], Plaintiff's companies sought recognition of "their rights to the possession of [the premises from which they were evicted]" and restoration of their tenancy thereof. Rec. Doc. 6-2, p. 3, para. 11. The companies also sought appropriate injunctive relief and corresponding state-law damages, all relative to their forced eviction from the leased premises.

On September 28, 2011, Sevenhills and Apollo, along with Mr. Gopalam, filed a second state court proceeding against *only* Defendant Smith. Rec. Doc. 6-3. This action was styled as a "Petition for Damages," and it sought damages from Smith relative to allegations of trespass, conversion, invasion of privacy, and other attendant state law torts/delicts. Plaintiffs' claims arose from the same general circumstances (*e.g.*, the September 1, 2011, burglary) which gave rise to the companies' earlier request for injunctive relief.

Thus, the "first" state court proceeding did not involve Plaintiff Gopalam at all—only his companies, Sevenhills and Apollo. The "second" state court proceeding named Mr. Gopalam as a plaintiff (in addition to Sevenhills and Apollo), but it only asserted generic, state-law causes of action against one (1) of the eight (8) individuals / entities named as defendants in the present litigation.[1] In short, Mr. Gopalam had not raised *any* claims against *any* of the named defendants (except Smith) until he filed the present suit. Further, Mr. Gopalam did not assert *any* federal claims against *any* defendant (including Smith) until the present litigation. Although Mr. Gopalam's state court proceedings generally involve the September 1, 2011, burglary made subject of the present federal action, the instant matter presents multiple additional claims against multiple additional litigants. Stated otherwise, there is absolutely no way "the state litigation will dispose of all claims presented in the federal case." Great Lakes Dredge & Dock Co., LLC v. Larrisquitu at p. *14, *supra*.

### III.  APPLICABLE LAW:

Defendants have filed a Motion to Dismiss which relies exclusively upon the so-called "prior pending action doctrine."  Although this doctrine has never been specifically addressed by our Fifth Circuit, other circuit jurisprudence reveals the doctrine provides that "a district court may stay or dismiss a suit that is duplicative of another federal court suit."  Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  The doctrine applies *only* as between federal district courts, and "the prior pending action doctrine is inapplicable where the first action is not in federal court."  In re Telluride Global Development, LLC, 380 B.R. 585, 593 (10th Cir. 2007), *citing* V.C.X., Ltd. v. Burge, 06–00641, p. *6 (D.Nev. 12/05/2006), --- F.Supp.2d ---, 2006 WL 3511347.

By contrast, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  The Supreme Court has explained that "[t]his difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  Id.  Indeed, the Supreme Court has specifically "held that 'mere potential for conflict in the results of adjudications,' does not, without more, warrant staying exercise of federal jurisdiction."  Village of Westfield v. Welch's, 170 F.3d 116, 123 (2d Cir. 1999), quoting Colorado River, 424 U.S. at 816.  Our Fifth Circuit likewise recognizes, "the overarching principle that federal courts are to be cautious about infringing on the legitimate exercise of state judicial power."  Texas v. United States, 837 F.2d

---

[1] City of Gonzales, through Mayor Barney Arceneaux, Chief of Police Sherman Jackson, Officer David Breaux, Certain Other Unknown Officers of the City of Gonzales Police Department, Wendell B. Smith, Dr. Rama Kongara,

184, 186 (5th Cir. 1988).

Even when there is some small overlap between the state and federal claims / defenses, the Supreme Court has held that as to concurrent state and federal *in personam* actions,[2] "[t]he traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court. Vendo Co. v. LektroVend Corp., 433 U.S. 623, 642, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977). "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

The present Motion completely misses the point in attempting to apply the "prior pending action doctrine." First of all, there is no prior federal court action to which the doctrine could even possibly apply. Defendants are attempting to use ongoing state court proceedings as the necessary predicate to applying the doctrine, but the doctrine "is inapplicable where the first action is not in federal court." In re Telluride Global Development, LLC, 380 B.R. at 593. Further, and even assuming *arguendo* that Plaintiff's ongoing state could proceedings could be considered as "prior pending" actions, those state actions are not parallel with this federal action for purposes of abstention.

Abstention—where a court declines or postpones the exercise of its jurisdiction—"is the exception, not the rule," and is justified only in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River, 424 U.S. at 813, *quoting* County of Allegheny v. Frank Mashude Co., 360 U.S. 185, 188–89 (1959). As a threshold matter, however, the federal and state proceedings must be parallel before Colorado River abstention is implicated. Fru–Con Const. Corp. v. Controlled

---

M.D., Dr. Lance E. Bullock, M.D., Rick Bennett, and St. James Behavioral Health Hospital Inc.
[2] As opposed to *res* or property actions.

Air., Inc., 574 F.3d 527, 535 (8th Cir. 2009).  While the Fifth Circuit has eschewed finding parallelism based upon "a mincing insistence on precise identity" of parties and issues, "[t]he central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."  Republic Bank Dallas Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987), Great Lakes Dredge & Dock Co., LLC at p. *14.  In cases which "do not involve substantially the same parties" and claims, Louisiana's federal courts have uniformly declined to abstain or stay the proceedings.  See, *e.g.*, Chaffee McCall, LLP v. World Trade Center of New Orleans, *supra*.

     The present action includes *only* the claims of Plaintiff Gopalam against eight (8) party Defendants.  Although Plaintiff's companies have lodged a prior injunctive action against four (4) of these same Defendants (St. James, Bullock, Kongara, and Smith) [Rec. Doc. 6-2], Mr. Gopalam himself has only asserted a state action against Defendant Smith [Rec. Doc. 6-3].  Very practically, the present action includes Mr. Gopalam's claims against seven (7) individuals / entities which he never previously sued.  Further, Mr. Gopalam has levied numerous federal-law claims against all eight (8) defendants, including multiple, specific claims never previously raised in any prior state proceeding.

     With such a wide array of "new" defendants and "new" claims, there is no possible "likelihood that the state litigation will dispose of all claims presented in the federal case."  As such, neither "prior pending action" dismissal nor simple abstention is appropriate: The "pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties" does not alone constitute a parallel proceeding or warrant abstention.  Federated Rural Elec. Ins. Corp., 48 F.3d at 297, *as cited in* Fru–Con Const. Corp., 574 F.3d at 535.  Furthermore, "jurisdiction must be exercised if there is any doubt as to the

parallel nature of the state and federal proceedings." Fru–Con Const. Corp., 574 F.3d at 535.

Defendants have failed to demonstrate any substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case, and, as such, they have failed to show that "prior pending action" dismissal is appropriate. Further, and upon the authority of Chaffee McCall, LLP v. World Trade Center of New Orleans, *supra*, neither Colorado River abstention nor a stay of the proceedings is appropriate. Again, the general rule is that "as between state and federal courts ... 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colorado River Water Conservation Dist., 424 U.S. at 817, *citing* McClellan v. Carland, 217 U.S. at 282.

## IV. CONCLUSION:

For all of the foregoing reasons, the "Joint Motion to Dismiss Complaint Based on Prior Pending Action, and Alternative Joint Motion to Stay Based on Prior Pending Action" [Rec. Doc. 6] filed by Defendants St. James Behavioral Health Hospital, Inc., Wendell B. Smith, Dr. Rama Kongara, M.D., Dr. Lance Bullock, M.D., and Rick Bennett should be denied, and this matter should thereafter be permitted to proceed to a full trial on all issues.

Respectfully Submitted,

**Law Office of J. Christopher Alexander, Sr., LLC**
Attorney and Counselor at Law


/s/ J. Christopher Alexander, Sr., Esq.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Counsel for Plaintiff

CERTIFICATE OF SERVICE ON NEXT PAGE.

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon the following counsel of record herein:

**Bradley Charles Myers, Esq. (T.A.)**
**Katie Deranger Bell, Esq.**
**Amanda Marie Collura, Esq.**
Kean Miller, LLP
Post Office Box 3513
Baton Rouge, Louisiana 70821
225-387-0999 (telephone)
225-388-9133 (facsimile)
brad.myers@keanmiller.com
katie.bell@keanmiller.com
amanda.collura@keanmiller.com


**Cody Michael Martin, Esq.**
**Robert Ryland Percy, III, Esq.**
**Erin Wiley Lanoux, Esq.**
Percy, Lanoux, Mumphrey & Martin, LLC
712 North Burnside Avenue
Gonzales, Louisiana 70737
225-621-8522 (telephone)
225-647-6959 (facsimile)
cmartin@percylaw.com
rpercy@percylaw.com
elanous@percylaw.com

**Thomas McCabe Lockwood, III, Esq.**
12345 Perkins Road, Building 2, Suite 201
Baton Rouge, Louisiana 70810
225-769-6799 (telephone)
225-769-6797 (facsimile)
mac@thomaslockwoodlaw.com

**Pegram J. Mire, Jr., Esq.**
Dugas & Mire, LLC
1212 East Worthy Road, Suite "A"
Gonzales, Louisiana 70737
225-644-1255 (telephone)
225-644-6294 (facsimile)
jmire@eatel.net

**Sidney Albert Marchand, III, Esq.**
320 Chetimaches Street
Donaldsonville, Louisiana 70346
225-473-3811 (telephone)
225-473-1607 (facsimile)
sidney@sam3alc@brcoxmail.com

  **I FURTHER CERTIFY** that the foregoing service was effected via delivery of this self-same document into the Court's electronic filing system (CM/ECF), which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the 28th day of November, 2012, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

             /s/ J. Christopher Alexander, Sr., Esq.
             J. Christopher Alexander, Sr., Esq.