UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GOPINATH GOPALAM

VERSUS

CITY OF GONZALES, THROUGH
MAYOR BARNEY ARCENEAUX, ET AL

CIVIL ACTION

NO. 12-542-JJB

**<u>RULING ON MOTION TO DISMISS</u>**

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Mayor Barney Arceneaux ("Mayor Arceneaux"). (Doc. 3). Plaintiff Gopinath Gopalam ("Gopalam") has filed an opposition (Doc. 11), to which Mayor Arceneaux has filed a reply. (Doc. 13). Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons herein, the Court GRANTS the motion to dismiss. (Doc. 3).

I.

This action arises from an incident on or about September 1, 2011, when several of the named defendants allegedly burglarized Gopalam's place of business, destroying physical property and destroying and/or stealing protected health information, computer and electronic data, financial records, and associated devices, such as computer hardware. (Doc. 1). Gopalam alleges that during the burglary, members of the City of Gonzales Police Department, acting under color of law, aided and abetted the burglary and theft. Gopalam has instituted a 42 U.S.C § 1983 action against the defendants, alleging that the defendants were acting in concert to deprive Gopalam of his Fourth and Fourteenth Amendments rights. Gopalam has further asserted that the City of Gonzales and/or the Gonzales Police Department "developed and maintained policies or customs exhibiting deliberate indifference" to citizens' constitutional rights, which in turn,

1

caused Gopalam's rights to be violated. (Doc. 1 at 14). Moreover, Gopalam asserts claims for municipal liability, negligence, and intentional infliction of emotional distress.

In Gopalam's complaint, Gopalam alleges that Mayor Arceneaux "at all time [sic] times material and relevant herein, [held] executive authority over the City of Gonzales and/or the Gonzales City Police Department." (Doc. 1 at 6-7).

Mayor Arceneaux has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that pursuant to Louisiana law, he is not the employer of the police officers of the Gonzales Police Department, and therefore, cannot be held responsible for their alleged tortious actions under the doctrine of *respondeat superior*. (Doc. 3). Mayor Arceneaux asserts that because Gonzales is a Lawrason Act municipality, it is subject to the requirements of La. R.S. § 33:31, *et seq*. Under La. R.S. § 33:404(A)(1) and (3), a mayor's duties are to "supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police" and "to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police." Because the Lawrason Act expressly excludes police department employees from the Mayor's authority, Mayor Arceneaux asserts that he cannot be held liable for the alleged tortious acts of the defendant police officers.

Mayor Arceneaux points to *Clark v. McGee*, 625 So.2d 311, 312 (La. App. 3 Cir. 1993), in which the court found that the plaintiff, a police officer, was an employee of the town, and the mayor was neither an employee of the town nor the plaintiff's employer. The court found that the mayor was an officer of the town and therefore, an officer of the plaintiff's employer. *Id.* at 313. Additionally, Mayor Arceneaux cites *Rider v. Ambeau*, 07-681 (La. App. 1 Cir. 12/21/07); 2007 WL 4465644 *4, in which the court found that the Lawrason Act "neither creates an employment

cause of action against those officers nor renders them 'employers' under Louisiana law." Mayor Arceneaux argues that while the City of Gonzales, as the police officers' employer, can be held liable for any alleged tortious acts of the officers, he, as the mayor, cannot.

In Gopalam's opposition, Gopalam argues that Mayor Arceneaux's assertions are not supported by Louisiana jurisprudence interpreting the Lawrason Act. (Doc. 11). Although the Lawrason Act provides that the mayor does not have the power to appoint and remove employees of a police department, the Act provides that the chief of police "shall make recommendations to the mayor . . . for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel." La. R.S. 33:423(A).

Gopalam asserts that while on their face, the statutory provisions cited by Mayor Arceneaux would suggest that he cannot be held liable, the Louisiana Supreme Court's decision in *Grant v. Grace*, 2003-2021 (La. 4/14/04); 870 So.2d 1011, 1016, leads to an opposite conclusion. In *Grant*, the Louisiana Supreme Court rejected the holdings of two Louisiana appellate decisions, which previously held that "the specific recommendation of termination or approval of the police chief is a prerequisite to the municipality's ability to terminate peace officers." *Id.* (citing *Lee v. Grimmer*, 99-2196 (La. App. 1 Cir. 12/22/00); 775 So.2d 1223, and *Thibodeaux v. Hernandez*, 97-602 (La. App. 3 Cir. 10/29/97); 702 So.2d 1157). Gopalam asserts that the court's decision in *Grant* demonstrates that the mayor has the authority to supervise or direct the operation of the police department.

Gopalam then argues that because the mayor has authority to supervise or direct the operation of the police department, the mayor has "final policy making authority," which would render Mayor Arceneaux liable in a 42 U.S.C. § 1983 action. *See Gelin v. Housing Authority of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006) (finding that a "single decision by an official can

3

be grounds for Section 1983 liability where the decision was rendered by an individual with 'final policy making authority'"). Gopalam contends that Mayor Arceneaux is arguing that he cannot be held liable because he lacks "final policy making authority," but the Louisiana Supreme Court's ruling in *Grant* indicates otherwise. Thus, Gopalam asserts, because Mayor Arceneaux had the authority to "hire, discipline and terminate municipal police employees," he had "final policy making authority," and should be held liable. (Doc. 11 at 6).

Finally, Gopalam references the legal standard for courts to apply in deciding motions to dismiss, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and argues that he has provided "enough facts to state a claim to relief that is plausible on its face." Therefore, Gopalam argues, his well-pled facts have set forth a plausible claim for relief against Mayor Arceneaux, and Mayor Arceneaux's motion to dismiss should be denied.

In Mayor Arceneaux's reply, he reiterates his argument that Gopalam is unable to assert a vicarious liability claim against him, because, pursuant to the Lawrason Act, he is not the employer of the police officers. (Doc. 13). Additionally, Mayor Arceneaux asserts the Act does not give him any authority to supervise or direct the administration or operation of the police department. Rather, La R.S. § 33:423 allows for the mayor, upon recommendation by the chief of police, to promote, discipline, or terminate officers, which Mayor Arceneaux argues is not the same as having direct supervisory authority over the officers.

Mayor Arceneaux also argues that Gopalam's reliance on *Grant* is misplaced for his argument that Mayor Arceneaux is an employer of the Gonzales police officers. In *Grant*, the Louisiana Supreme Court was determining whether "the city council exceeded its authority when it ignored the recommendation of the chief of police and terminated a police officer." (Doc. 13 at

4

3). In *Grant*, the plaintiff police officer failed to meet statutory requirements, and the chief of police recommended to the city council that the plaintiff "be placed in an 'administrative' position until he successfully completed" the required training. *Grant*, 870 So.2d at 1012. However, the city council rejected this recommendation and terminated the plaintiff. *Id.*

The Louisiana Supreme Court found that while La. R.S. § 33:423 mandates that a police chief make "recommendations with respect to any of the employment actions therein to the municipality . . . the municipality need not adopt such recommendation and may, after the recommendation, take its own action as relates to the peace officer training and certification requirements . . . ." *Id.* at 107. Mayor Arceneaux contends that the Louisiana Supreme Court's decision in *Grant* does not make him an employer of the Gonzales police officers, and therefore, he cannot be held liable for any actions (or inactions) of the police.

Additionally, Mayor Arceneaux argues that Gopalam failed to assert a supervisory liability claim pursuant to 42 U.S.C. § 1983 against him in Gopalam's complaint. "Supervisory officials cannot be held liable under Section 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). However, a supervisory official can be held liable if the official was personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). In order to hold a supervisory official liable under Section 1983, a plaintiff must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or

5

supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911-912 (5th Cir. 1998) (citations omitted).

Mayor Arceneaux argues that Gopalam has failed to assert a Section 1983 cause of action against him directly "for his alleged failure to supervise, train or discipline any of the officers in question." (Doc. 13 at 5). Rather, the complaint only alleges that it was the general policy and/or custom for the City of Gonzales and/or the Gonzales Police Department to inadequately train, supervise, or discipline the officers. (Doc. 1). Moreover, Mayor Arceneaux argues that Gopalam has failed to allege that Mayor Arceneaux was personally involved, nor that Mayor Arceneaux had a duty to train or supervise the officers. Finally, Mayor Arceneaux points out that Gopalam has not alleged "deliberate indifference to the known or obvious fact that such constitutional violations would result." *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 209 (5th Cir. 2004). A showing of "deliberate indifference" typically "requires that a plaintiff demonstrate at least a pattern of similar violations." *Id.* (citations and quotations omitted). Mayor Arceneaux asserts that the complaint does not allege any facts that would show that there was a pattern of similar violations; nor does the complaint allege any facts that would suggest Mayor Arceneaux was deliberately indifferent. Therefore, Mayor Arceneaux urges this Court to grant his motion to dismiss.

II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a

Case 3:12-cv-00542-JJB-SCR    Document 14    01/02/13    Page 6 of 8

motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

On the face of the complaint, Gopalam has not alleged sufficient facts to show that Mayor Arceneaux had the requisite authority over the City of Gonzales police officers to give rise to Section 1983 liability. The only reference to Mayor Arceneaux in the complaint is paragraph 34, which states that the Mayor had "executive authority over the City of Gonzales and/or the Gonzales City Police Department." (Doc. 1). While *Twombly* does not create a heightened pleading standard, *Twombly* does require that a plaintiff provide factual allegations that are "more than labels and conclusions," and that these factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." 550 U.S. at 555. Gopalam's allegation that the Mayor had executive authority over the City of Gonzales and/or the Gonzales City Police Department is a conclusion that does not support a claim for relief above the speculative level in light of the applicable law.

Pursuant to the applicable law, Mayor Arceneaux does not have control and authority over the police officers in question that would give rise to liability. Moreover, Gopalam has not asserted sufficient facts to suggest that Mayor Arceneaux should be held personally liable under 42 U.S.C. § 1983. Mayor Arceneaux cannot be held liable under Section 1983 on a theory of *respondeat superior*. *Estate of Davis*, 406 F.3d at 381. Although a supervisory official can be held liable under Section 1983, Gopalam would have to show that Mayor Arceneaux failed to supervise or train the official(s), that this failure was causally linked to the violation of Gopalam's rights, and that Mayor Arceneaux's failure amounted to "deliberate indifference." *Smith*, 158 F.3d at 911-912. However, Gopalam has not alleged any facts that support a finding of liability under Section 1983 with respect to the Mayor.

III.

Accordingly, Mayor Barney Arceneaux's Motion to Dismiss (Doc. 3) is **GRANTED**.

Signed in Baton Rouge, Louisiana on January 2, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**