UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GOPINATH GOPALAM | C.A. NO. 12-542-JJB-SCR |
| VERSUS | JUDGE: BRADY |
| CITY OF GONZALES, THROUGH MAYOR BARNEY ARCENEAUX, ET AL | MAGISTRATE: RIEDLINGER |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

The City of Gonzales, Sherman Jackson and David Breaux ("Breaux") (hereinafter collectively referred to as the "City Defendants"), submit this statement of material facts as to which there is no genuine issue to be tried in support of their motion for summary judgment seeking a dismissal of Gopinath Gopalam's ("Plaintiff") federal and state law claims.

1.

A representative of St. James Behavioral Health Hospital, Inc. ("St. James") called the Gonzales Police Department requesting that a Gonzales police officer provide St. James with security during an employee termination that would take place at St. James on September 1, 2011.[1]

2.

David Breaux volunteered to work the extra duty detail.[2]

3.

The contact names Breaux was given for the detail work were Wendell Smith and Karl Koch ("Koch").[3]

---

[1] Exh. A, Deposition of David Breaux, p. 11, lines 17-20.
[2] *Id.* at p. 11, lines 21-23.
[3] *Id.* at p. 18, lines 23-25.

3989664_1

1

4.

Breaux met Koch, attorney for St. James,[4] in the Cabela's parking lot in Gonzales, Louisiana in order to learn of the details of the security work.[5]

5.

Koch advised Breaux that his job was to keep the peace after Gopinath Gopalam was terminated and to walk Gopinath Gopalam to his car along with Koch.[6]

6.

Breaux observed other people in the Cabela's parking lot who he believed were St. James board members.[7]

7.

Breaux then followed Koch to St. James Behavioral Health Hospital.[8]

8.

Following Plaintiff's termination, Breaux and Koch started to walk Plaintiff to his vehicle when Plaintiff stopped and said he needed to go into the office.[9]

9.

Breaux's understanding was that all of the buildings belonged to St. James and that Gopinath Gopalam was not allowed back into any building.[10]

10.

Koch asked Plaintiff several times to leave the premises.[11]

---

[4] Exh. B, Deposition of Wendell Smith, p. 10, lines 16-24.
[5] Exh. A, Deposition of David Breaux, p. 14, lines 12-25, p. 15, lines 1-5, p. 16, lines 18-25, p. 17, lines 1-21.
[6] *Id.* at p. 14, lines 12-25, p. 15, lines 1-5, p. 16, lines 18-25, p. 17, lines 1-21.
[7] Exh. A, Deposition of David Breaux, p. 17, lines 4-25, p. 18, lines 1-5.
[8] *Id.* at p. 18, lines 20-22.
[9] *Id.* at p. 19, lines 21-25, p. 20, lines 1-11.
[10] *Id.* at p. 21, lines 6-15, p. 37, lines 1-21; Exh. C, Declaration of David Breaux.

3989664_1

Case 3:12-cv-00542-JJB-SCR Document 38-1 09/16/13 Page 2 of 6

11.

Breaux then asked Plaintiff to leave the premises.[12]

12.

Plaintiff refused, used his cell phone to call 911 to report an alleged burglary.[13]

13.

Breaux advised the police department dispatcher that he was on the scene and that no other officers needed to come.[14]

14.

The people that Breaux observed at Cabela's and believed were board members going into the board meeting, were the same people Breaux observed around the office.[15]

15.

Breaux then asked Plaintiff to leave the premises and Plaintiff finally complied.[16]

16.

Breaux was paid $100.00 by St. James for his detail work, which is the standard $25.00 dollar fee with a four hour minimum.[17]

17.

Plaintiff filed a formal complaint against Breaux on July 3, 2012, complaining of Breaux's actions on September 1, 2011.[18]

18.

---

[11] Exh. C, Declaration of David Breaux, Exh. C-1, the City of Gonzales Incident Report for incident number 2011-00008429.
[12] Exh. A, Deposition of David Breaux, p. 23, lines 4-14.
[13] *Id.* at p. 30, lines 3-11.
[14] *Id.* at p. 30, lines 3-23.
[15] *Id.* at p. 32, lines 13-25, p. 33, lines 1-2.
[16] *Id.* at p. 29, lines 19-25, p. 30, lines 1-2.
[17] *Id.* at p. 39, lines 1-9; Exh. B, Deposition of Wendell Smith, p. 22, line 8-25, p. 23, line 1.
[18] Exh. D, Declaration of Sherman Jackson, Exh. D-1, Citizen Complaint of Gopinath Gopalam.

Sherman Jackson conducted an investigation of the allegations of the complaint.[19]

19.

There is no evidence of an agreement between David Breaux and Karl Koch, Wendell B. Smith, Dr. Rama Kongara, Dr. Lance E. Bullock, Rick Bennett or any other representative of St. James Behavioral Health Hospital, Inc. to violate Plaintiff's Fourth and Fourteenth Amendment rights.[20]

20.

There is no evidence that Sherman Jackson failed to supervise[21] nor is there evidence of deliberate indifference.[22]

21.

Plaintiff has failed to allege that the City of Gonzales deprived him of a constitutional right.[23]

22.

There is no evidence of a custom or policy of the City of Gonzales that caused a violation of plaintiffs' constitutional rights.

23.

There is no evidence of a custom or policy of the City of Gonzales to improperly investigate citizen complaints.[24]

---

[19] Exh. D, Declaration of Sherman Jackson; Exh. A, Deposition of David Breaux, p. 45, lines 11-13.
[20] Exh. C, Declaration of David Breaux; Exh. B, Deposition of Wendell Smith, p. 25, lines 5-9.
[21] Exh. D, Declaration of Sherman Jackson; Exh. A, Deposition of David Breaux, p. 45, lines 11-13.
[22] Exh. E, Deposition of Gopinath Gopalam, p. 131, lines 20-25, p. 132, lines 1-3.
[23] Doc. 1, ¶¶ 80, 82.
[24] Exhibit E, Deposition of Gopinath Gopalam, p. 130, lines 19-25, p. 131, lines 1-18; Exh. D, Declaration of Sherman Jackson; Exhibit E, Deposition of Gopinath Gopalam, p. 131, lines 20-25, lines 132, lines 1-3.

24.

There is no evidence of a custom or policy of the City of Gonzales to tolerate known misconduct.

25.

There is no evidence of a custom or policy of the City of Gonzales to improperly train or supervise.[25]

26.

There is no evidence that David Breaux breached a duty of care that he may have owed to Plaintiff.[26]

27.

There is no evidence of an intent to inflict emotional distress, or of extreme and outrageous conduct on the part of David Breaux.[27]

Respectfully submitted,

s/ Katie D. Bell
Bradley C. Myers (#1499) (T.A.)
Brad.Myers@keanmiller.com
Katie D. Bell (#29831)
Katie.Bell@keanmiller.com
Amanda M. Collura (#33777)
Amanda.Collura@keanmiller.com
KEAN MILLER LLP
II City Plaza, 400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802

---

[25] Exh. E, Deposition of Gopinath Gopalam, p. 137, lines 15, 24-25, p. 138, lines 1-11.

[26] Exh. A, Deposition of David Breaux, p. 21, lines 6-15, p. 37, lines 1-21, p. 29, lines 8-10, p. 32, lines 13-25, p. 33, lines 1-2.

[27] Exh. E, Deposition of Gopinath Gopalam, p. 86, lines 5-17, p. 90, lines 7-25, p. 91, lines 1-10; Exh. A, Deposition of David Breaux, p. 39, lines 24-25, p. 40, lines 1-14.

Telephone: (225) 387-0999
Fax: (225) 388-9133

*Attorneys for the City of Gonzales, Sherman Jackson, and David Breaux*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013 a true and correct copy of the foregoing, Statement of Material Facts as to Which There is No Genuine Issue to Be Tried was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

J. Christopher Alexander, Sr.
Attorneys and Counselors at Law
3751 Government Street, Suite A
Baton Rouge, LA 70806

Erin W. Lanoux
Robert Ryland Percy, III
Percy, Lanoux & Mumphrey
712 N. Burnside Avenue
Gonzales, LA 70737

Sidney A. Marchand, III
320 Chetimaches Street
Donaldsonville, LA 70346-0669

Pegram J. Mire, Jr.
1212 E Worthy St Ste A
Gonzales, LA 70737
(225) 621-3219

Thomas Lockwood
12345 Perkins Rd., Bldg. 2, Suite 201
Baton Rouge, LA 70810

Baton Rouge, Louisiana this 16th day of September, 2013.

s/ Katie D. Bell